## THE STATE v. RICHARDSON, *Appellant.*

### Division Two, November 9, 1893.

1. **Criminal Law:** ABDUCTING FEMALE UNDER EIGHTEEN YEARS OF AGE: INSTRUCTIONS. A series of instructions on the trial of defendant for taking away a female under the age of eighteen years for the purpose of concubinage, approved.

2. **Parol Evidence:** CONTENTS OF A RECORD. Parol evidence is inadmissible to show the contents of a court record where the record itself is in existence.

3. **Practice:** EVIDENCE: PRESUMPTION ON APPEAL. Where evidence is offered out of time and is excluded by the court, it will be presumed on appeal to have been excluded because so unseasonably offered.

The State v. Richardson.

4. **Supreme Court Practice:** WEIGHING EVIDENCE. The supreme court will not undertake to determine the weight of the evidence, and whether a conviction is sustained thereby or not.

*Appeal from Greene Criminal Court.*—HON. M. OLIVER Judge.

AFFIRMED.

*T. W. Kersey* and *G. T. Edmisson* for appellant.

(1) The court erred in giving instructions to the jury. Number 6 is specially objectionable. Lawson on Presumptive Evidence, 271; *People v. Plath*, 100 N. Y. 590; *Carpenter v. People*, 8 Barb. 603; *State v. Stoyell*, 54 Mo. 24; *State v. Gibson*, 111 Mo. 92. (2) The court erred in excluding the Kansas court record decreeing the custody of the prosecutrix to Sarah F. George, and in refusing to permit defendant in the first instance to show such custody. (3) The court erred in overruling the motion for a new trial.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, assistant, for the state.

(1) The indictment in this case was sufficient, and charged the crime, of which the defendant was accused, in the language of the statute. Revised Statutes, 1889, sec. 3484; *State v. Gibson*, 108 Mo. 575; *State v. Johnson*, 22 S. W. Rep. (Mo.) 463. (2) The defendant's demurrer to the evidence was properly overruled. *State v. Johnson, supra*; *State v. Gibson, supra*; *Slocum v. People*, 90 Ill. 274; *State v. Round*, 82 Mo. 681; *State v. Gordon*, 16 N. J. Law, 432; *Henderson v. People*, 124 Ill. 607. (3) Defendant offers in support of his motion for new trial, the newly-discovered testimony of one F. H. Newman, purporting to show specific acts of lewdness. Certainly a new trial should not be granted,

when, under the recent ruling in the *Johnson case*, *supra*, such testimony was clearly inadmissible. *People v. Demousset*, 12 Pac. Rep. (Cal.) 788; *People v. Cook*, 61 Cal. 478; *People v. Carrier*, 46 Mich. 442.

BURGESS, J.—Defendant was convicted in the criminal court of Greene county, for taking away one, Nellie Moote, a female, under the age of eighteen years, from the custody of her father, Ephraim Moote, without his consent, and against his will, for the purpose of concubinage, by having illicit sexual intercourse with her. The offense was committed in Webster county where the indictment was found, the venue having been subsequently changed to Greene county, where the trial was had.

The facts, as disclosed by the testimony, are as follows: For several months prior to the twenty-second day of January, 1892, the defendant had taught the district school near the residence of the father of the prosecutrix in Webster county; that he, being a preacher of the gospel, had also held religious meetings in that portion·of the county, and, among his other pupils at school, and auditors at church, was Nellie, the thirteen-year-old daughter of Ephraim Moote. Defendant was a man of family, but pretended to fall in love with Nellie, and arranged and executed an elopement with her on the night of January 22, 1892. Upon this night, and according to his prearranged plans, she left the home of her father and met defendant about one-half mile down the road, where he was in waiting with a buggy and team already secured at a livery stable. They drove to Marshfield, and there took the train for St. Louis; from St. Louis they went to Nashville, Tennessee, at which place they remained over night, occupying the same bed at the hotel at which defendant had registered as J. M. Ford, and wife.

Prosecutrix testified that during the night they had sexual intercourse. During the next forenoon they left for Tullahoma, Tennessee, and there again occupied the same bed and had sexual intercourse. The following afternoon the defendant was arrested, and he and the prosecutrix were brought back to this state.

It also appears that the father and mother of the prosecutrix had been divorced, and that the mother, Mrs. A. Oswald, lived at Hutchinson, Kansas. The father had the care and custody of the daughter. The case is here by appeal.

The first contention on the part of the defendant is that the court committed error in giving instructions to the jury on the part of the state, and in refusing instructions prayed for by defendant. We have examined with much care the instructions, and have arrived at the conclusion that they are not obnoxious to the objections urged against them. They presented the law of the case to the jury fairly and very favorably to the defendant. and those which were asked by him and refused were mere abstractions, and properly refused. Those given covered the entire case and were fully justified by the evidence.

On the cross-examination of Ephraim Moote, the father of the prosecuting witness, he was asked if he did not know that there was an order of court decreeing the care and custody of Nellie to her grandmother, Mrs. Sarah F. George. This question was asked, of course, for the purpose of showing that Nellie was not, at the time of the commission of the offense, in the legal care and custody of her father, Ephraim. An objection to this question was made, because not the best evidence, which was, by the court, sustained, and, we think, rightly so. Verbal testimony is not admissible for the purpose of showing the contents of a record of a court when the record itself is in existence.

The record also discloses the fact that, after the case had been closed, and after the jury had returned into court with their verdict, fixing the punishment of defendant at three years in the penitentiary, his counsel offered in evidence a certified copy of a judgment rendered in the district court of Sumner county, Kansas, in a suit for divorce wherein Mollie L. Moote was plaintiff, and Ephraim Moote, defendant, in which the care and custody of Nellie Moote was given to her grandmother, Sarah F. George. This was objected to by the state, and the objection sustained, and exception duly saved. It does not appear upon what ground this evidence was excluded, but, it must be taken for granted that it was offered out of time, as every reasonable presumption must be indulged in favor of the action of the court. *State v. Smith*, 80 Mo. 520; *Roach v. Colbern*, 76 Mo. 653. In other words, he who asserts that error has been committed, must make it so appear.

It is also argued by counsel for defendant that the criminal intent on the part of the defendant, was wanting, and that the verdict of the jury was not warranted by the evidence. This court has so often decided that it will not undertake to determine the weight of the evidence, and, whether convictions are sustained thereby or not, that it is not deemed necessary to cite authorities upon that question. The defendant in this case, clothed, as he was, in the garb of a minister of the gospel, the head of a family, and the tutor of a mere child, a girl not yet fourteen years of age, was guilty of a most heinous crime, if the girl witness is to be believed, for which the punishment he received at the hands of the court and jury, was, in our opinion, by no means commensurate with the gravity of the offense. Judgment affirmed. All concur.