## THE STATE v. ALFREY, *Appellant.*

### Division Two, November 5, 1894.

1. **Supreme Court Practice:** WEIGHT OF EVIDENCE. A conviction in a criminal case will not be reversed on the ground that it is against the weight of the evidence, unless there is a total failure of proof to support it.

2. ———: MURDER: INSTRUCTIONS. Where the defendant is convicted of murder in the second degree under a proper instruction thereon, he can not complain of an instruction given in relation to murder in the first degree.

*Appeal from Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

*George & Landis* for appellants.

(1) The verdict was against the evidence and was the result of prejudice or passion. *State v. McNamara,* 100 Mo. 100, and authorities therein cited. (2) The court erred in failing to properly define or tell the jury what a "heat of passion" is. *State v. McKinzie,* 102 Mo. 620. (3) The court erred in not telling the jury that "if the defendant acted in a moment of apparently impending peril, it was not for him to nicely guage the proper *quantum* of force necessary to repel the assault of the deceased." *State v. Palmer,* 88 Mo. 572; *Nichols v. Winfrey,* 79 Mo. 544. (4) The defendant was not guilty of murder in either the first or second degree unless there was an intent to kill. (5) The court erred in giving instruction number 10, because it is misleading in this phrase: "and you acquit him of murder and manslaughter in the second degree."

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant Attorney General, for the state.

(1) The allegation that the testimony is insufficient to support the verdict is, in the face of positive testimony of many witnesses, ridiculous and absurd. Only where there is a total failure of proof will this court interfere upon this alleged error. Counsel for appellant will certainly not contend that there was a total failure of proof upon the part of the state tending to establish the guilt of defendant of murder in the second degree. *State v. Young*, 24 S. W. Rep. Mo. 1038; *State v. Richardson*, 117 Mo. 586; *State v. Moxley*, 115 Mo. 644. (2) The defendant will not be heard to complain of the instruction as to murder in the first degree, the jury having found that no such crime had been committed, and he having been convicted of a lesser degree of murder. 'The instructions in reference to murder in the second degree, as well as those defining the technical words, are in the usual form, and have been many times approved by this court. *State v. Lewis*, 118 Mo: 83; *State v. McCollum*, 24 S. W. Rep. 1022; *State v. Avery*, 114 Mo. 495. (3) The court very properly refused to give an instruction as to manslaughter in the first degree. There was not an iota of evidence on which to base such an instruction, and the rule is that an instruction should never be given that is not suggested or supported by the testimony. *State v. Lewis*, 118 Mo. 83; *State v. Parker*, 106 Mo. 225; *State v. Bulling*, 105 Mo. 220; *State v. McKinzie*, 102 Mo. 620; *State v. Herrell*, 97 Mo. 106; *State v. Chambers*, 87 Mo. 406.

BURGESS, J.—At the April term, 1893, of the Barry county circuit court the defendant was indicted by the grand jury of said county for murder in the first degree, for having at said county on the thirty-first

day of October, 1892, killed and murdered one Grant Pyatt, with a knife. At the October term, 1893, of said court, the defendant was awarded a change of venue and the cause was transferred to the circuit court of Newton county, where, upon a trial had at the November term, 1893, of the circuit court of said Newton county, he was convicted of murder in the second degree, and his punishment assessed at imprisonment in the penitentiary for a term of ten years. After unsuccessful motions for new trial and in arrest, he appealed to this court.

While the facts connected with the homicide are but few, the evidence with respect thereto was very conflicting and irreconcilable, that on the part of the state tending to show that previous to the time of the difficulty the parties to it were but slightly acquainted; that about 5 o'clock on the evening of the difficulty they met in the village of Eagle Rock, when the defendant bantered the deceased to wrestle with him for $10, "back holds," to which deceased replied that he would bet him $10, that he could not throw him "side holds." They got out their money, when a controversy arose between them as to whether the holds were to be side or back, during which the deceased called the defendant a liar, or a damned liar, and drew back his left hand, as if to strike, when the defendant struck him with his right hand and stabbed him in the left side from the effect of which he sank to the ground, or fell down on the ground.

The evidence on the part of the defendant, tended to show that he first knocked deceased down with his fist, and after he raised up and started towards defendant that the defendant then stabbed him. The defendant testified that when deceased got up he had a rock in his right hand, and was advancing upon him with intent to assault him; that he told him to keep off of

him, and that he stabbed him, not with the intention of killing him, but simply to stop him.

The evidence is almost conclusive that, defendant stabbed deceased before he fell, and that he never made any attempt to advance upon defendant thereafter, but died in about thirty minutes.

The court instructed for murder in the first and second degrees, for manslaughter in the second, third and fourth degrees and self-defense. The instructions are in form such as has often met with the approval of this court, and presented every phase of the law fairly to the jury.

The first contention is that the verdict was against the weight of the evidence and the result of passion and prejudice, but a careful examination of the record has satisfied us that there was ample evidence to justify the conviction of defendant of murder in the second degree. It is only when there is a total failure of proof to support the verdict that this court will interpose and reverse the judgment upon that ground. *State v. Richardson*, 117 Mo. 586; *State v. Moxley*, 115 Mo. 644.

The next contention is that the court erred in not properly defining the words "heat of passion," but this contention is not sustained by the record, which shows that those words were properly defined by the instructions which were given.

It is next argued that the ninth instruction is erroneous because there can be no murder under the circumstances therein stated, and so the instruction says. It concludes as follows: "Then you can not convict the defendant of murder in the first degree." While we think the instruction should have included murder in the second degree also, yet as the defendant was not convicted of murder of the first degree, and the instruction with respect of murder of the second degree fairly presented that phase of the case to the

jury we do not think that the defendant has any ground of complaint on account of the giving of the ninth instruction.

There are other points made in the brief of counsel for defendant but they seem to be wholly without merit. The case seems to have been fairly tried, and we know of no reason why the judgment of the court below should not be affirmed. It is so ordered. All of this division concur.