44  19
75  68

NEWLAND COLLEGE OF OBSTETRICS AND LYING-IN INSTITUTE, Appellant, v. EDWARD BORCK, Respondent.

St. Louis Court of Appeals, February 10, 1891.

Practice, Appellate: WEIGHING THE EVIDENCE. An appellate court will not reverse a judgment in an action at law on the ground solely that, in its opinion, the verdict is against the weight of the evidence.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Robert L. McLaran*, for appellant.

(1) A promise to pay the debt of another is valid. *Rottman v. Pohlman*, 28 Mo. App. 399. (2) Where it is evident that the testimony rejected might have changed the result, and was competent and relevant, this court will reverse the judgment. *Wilson v. Board. of Ed.*, 63 Mo. 137 ; *Wilson v. Allen*, 67 Mo. 502 ; *In re Bishoff v. Stumpf*, 10 Mo. App. 474 ; *Broom v. Wright*, 15 Mo. App. 406 ; *Chaffee v. Railroad*, 64 Mo. 193. Or may have been prejudicial. *Barclay v. Bates*, 2 Mo. App. 139. (3) Where the verdict or finding is manifestly against the evidence the appellate court will reverse the judgment. *Ackley v. Staehlin*, 56 Mo. 558 ; *Wilson v. Albert*, 89 Mo. 537. (4) Where the facts are undisputed this court will review same. *Henry v. Bell*, 75 Mo. 194.

*F. T. Ledergerber*, for respondent.

There was conflicting evidence upon all matters decided by the trial court, and in such cases the appellate courts will not review the finding of the trial court. *Gamsen v. Lyle*, 38 Mo. App. 558 ; *Thies v. Garlee*, 88 Mo. 146 ; *Parkinsin v. Coplinger*, 65 Mo. 290 ; *McHugh v. Meyer*, 67 Mo. 334 ; *Hammon v. Renfrow*, 84 Mo. 332 ; *Hamilton v. Boggess*, 63 Mo. 233 ; *Smith v. Dunklin County*, 83 Mo. 195.

ROMBAUER, P. J.—The plaintiff sued the defendant before a justice for $80 tuition fee of the defendant's niece, claiming that the tuition was given upon the defendant's express promise to pay for the same. The defendant denied the promise, and filed a counterclaim for $190, which he claimed was due to him as a balance for lectures delivered in plaintiff's college at its request. Upon appeal in the circuit court such proceedings were had that, upon a trial of the cause before the court without a jury, judgment was rendered in favor of the

defendant in the main action, and against the defendant on his counterclaim. From this judgment the plaintiff alone appeals.

The errors assigned are that the court ruled out competent evidence offered by the plaintiff, and that the judgment is opposed to the evidence. Neither of these assignments are tenable. The evidence rejected had reference to the counterclaim only, and, as the plaintiff was successful on that, it is wholly immaterial whether·or not it was entitled to the admission of additional evidence in support of its defense. Touching the defendant's promise the evidence was conflicting, and with its weight we have nothing to do. Appellate courts will interfere and grant a new trial in cases wherein the evidence of the successful party admits only of one inference, which is contrary to the verdict rendered, as in *Rottman v. Pohlman*, 28 Mo. App. 399 ; or where it is against the conceded·facts, as in *Ackley v. Staehlin*, 56 Mo. 558 ; or where it is contrary to documentary evidence as in *Henry v. Bell*, 75 Mo. 194 ; or where there is no evidence to support it, as in *Wilson v. Albert*, 89 Mo. 537 ; or where it is so opposed to the evidence and all probabilities as to be the evident result of prejudice or mistake, as in *Spohn v. Railroad*, 87 Mo. 74. But they can in no case grant a new trial on the sole ground that in their opinion the verdict is opposed to the weight of the evidence.

Judgment affirmed. All the judges concur.