WALBURG HOWE, Respondent, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, April 29, 1898.

1. **Pleading**: INSURANCE: SUFFICIENCY OF PETITION ON SUIT AGAINST INSURANCE COMPANY. Where the petition avers the issuance of the policy for a valuable consideration; the relation of the respondent to the assured; the death of Peter Howe by accident not excepted in the policy, that proofs of death were duly furnished in accordance with the requirements of the policy, and the plaintiff had duly and legally performed all the conditions of the policy on her part, nothing more was necessary to be stated to entitle respondent to recover on the policy.

2. **Pleading**: PRACTICE, TRIAL: PRACTICE, APPELLATE: REPLY. When a case was tried as though a reply had been filed, it is too late to raise the question in the appellate court.

*Appeal from the Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

THOS. B. CREWS, WM. C. and JAS. C. JONES for appellant.

The petition is fatally defective for failure to allege due performance by assured during his lifetime of all

the conditions and provisions of the policy.    Basye v. Ambrose, 32 Mo. 448; Pier v. Heinrichoffen, 52 Mo. 333; Beckmann v. Ins. Co., 49 Mo. App. 604; Story v. Ins. Co., 61 Mo. App. 534; Hart v. Harrison W. Co., 91 Mo. 414; Rohrer v. Oder, 124 Mo. 24; Paddock v. Somes, 102 Mo. 226; Campbell v. Carroll, 35 Mo. App. 640; Weber v. Ins. Co., 5 Mo. App. 51. The limit of plaintiff's right of recovery, if entitled to recover at all, is $1,250.    Knapp v. Preferred Ass'n, 53 Hun. 84; Aldrich v. Ins. Co., 149 Mass. 457; Bushaw v. Ass'n, 8 N. Y. Sup. 423; Standard Ass'n v. Martin, 133 Ind. 381; Miller v. Travelers, 39 Minn. 548; Kyte v. Ins. Co., 149 Mass. 116; Robinson v. Ins. Co., 27 N. J. Law 134; Stone v. Ass'n, 34 N. J. Law 371; Ass'n v. Frohard, 134 Ill. 229; Eggenbergen v. Ass'n, 41 Fed. Rep. 172; Ford v. Ins. Co., 148 Mass. 153.    The insured was killed as the result of voluntary exposure to unnecessary danger and the verdict and judgment should have been for defendant. Bean v. Empl. Liab. Co., 50 Mo. App. 462; Tuttle v. Travelers, 134 Mass. 175; Sawtelle v. Ass'n, 15 Blatchf. 216;    Travelers v. Jones, 80 Ga. 541; Follis v. Ass'n, 94 Iowa, 438; Standard v. Langsdon, 30 S. W. Rep. 427; Lovell v. Ins. Co., 3 Ins. L. J. 877; Lovell v. Ins. Co., 5 Ins. L. J. 559.

JAMES BOOTH for respondent.

Appellant assigns as reasons for the reversal of the judgment in this case four different grounds, all of which will be answered in their regular order.    The first is, that plaintiff's petition is fatally defective for the reason that it fails to state that Peter Howe performed all the conditions of the policy on his part.    The petition is good.    It alleged that plaintiff had duly and legally performed all the conditions of the policy required

on her part. R. S. 1889, sec. 2079. It does not appear from the face of the petition that there were any conditions in the policy sued on for Peter Howe to perform. Such being the case, it is a truism to say that the law would not require a pleader to state that another had done that which he was not authorized or possibly could not do. A demurrer only lies where the petition is bad on its face. Bliss on Code Pl. [2 Ed.], sec. 418. The petition was sufficient, and if there had been conditions precedent to be performed by Peter Howe, and these "A mere statement of the contract or policy, followed by the general averment that the plaintiff had complied with all the conditions, and that the defendant had not in a special matter performed it," is good. Bacon on Benefit and Life Ins. [1 Ed.], p. 686, sec. 454.

BLAND, P. J.—The appellant is a California life and accident insurance corporation. In August, 1896, one Peter Howe, the son of the respondent, made application to appellant for a life and accident policy. In his application he made certain warranties, among which was the warranty of his occupation, described as *carpenter*. A policy of insurance was issued to him for $2,000, payable, in case of death caused solely by external, violent or accidental means to respondent in ninety (90) days after proofs of death should be furnished the company. The policy was written to exempt the company from liability on account of death from almost every conceivable accidental cause and from liability for death caused by voluntary exposure to unnecessary danger or death. On September 12, 1896, Peter Howe was found dead between the tracks of the Missouri Pacific Railroad at the town of Pacific, Missouri, with marks of violence on his body indicating that he had been struck by a

STATEMENT.

passing train. Proofs of his death were duly furnished the appellant, but it refused to pay the policy, and this suit was brought on the policy to recover the amount of the insurance, $2,000. The answer admitted the issuance of the policy for a valuable consideration paid to it by Peter Howe, admitted that Howe was accidentally run upon by a train of cars on the track of the Missouri Pacific Railway Company at Pacific and died of the injuries received; averred that Howe voluntarily and unnecessarily exposed himself to danger, in violation of his warranty, whereby he lost his life; averred that he was a bridge builder, and not a carpenter, as he had warranted in his application for the policy, and that being a bridge builder the risk was special and greater and belonged to a class "extra hazardous," by reason of which the amount of insurance should be considerably decreased. It was also averred the death of Howe was attributable to intoxication, whereby appellant was discharged from liability under the stipulations and conditions of the policy. No reply was filed. A trial was had by a jury, resulting in a verdict for respondent for the full amount of the policy. After unsuccessful motions for new trial and in arrest the insurance company duly appealed.

It is contended by appellant that the petition is insufficient. Appellant demurred to the petition, which being overruled it answered over, thereby waiving all objection to the petition, save its sufficiency to support the judgment. It avers the issuance of the policy for a valuable consideration; the relation of the respondent to the assured; the death of Peter Howe by accident not excepted in the policy; SUFFICIENCY of petition in action on insurance policy. that proofs of death were duly furnished in accordance with the requirements of the policy, and that plaintiff had duly and

legally performed all the conditions of the policy on her part. Nothing more was necessary to be stated to entitle respondent to recover on the policy. Bliss on Code Pleading [2 Ed.], 418; Meadows v. Ins. Co., 129 Mo. 76.

The case was tried as though a reply had been filed, and it is too late now to raise the objection that none was filed. Turner v. Butler, 126 Mo. 131; Meader v. Malcom, 78 Mo. 550; Crow v. R. R., 57 Mo. App. 135. At the close of plaintiff's evidence the defendant interposed a demurrer to the same, by an instruction directing the jury to find the issues for the defendant. The court denied this instruction. Of this ruling the appellant complains and assigns the same as error. The evidence tended to prove the allegations of the petition; the policy of insurance was read in evidence; proof of the death of Peter Howe by external violence was made and admitted by the answer. It was also admitted that proofs of his death were made and forwarded to the appellant according to the terms of the policy, and it was proved that respondent was the mother of Peter Howe, the assured, and that there was evidence that Peter Howe was a carpenter as he had represented himself to be. What more the plaintiff was required to prove to warrant a recovery by her on the policy, we are unable to perceive from an examination of the policy and the pleadings. Appellant contends further that the undisputed evidence shows that Peter Howe was a bridge builder, and that he voluntarily exposed himself to unnecessary danger, whereby he lost his life. Both of these propositions were contested, and there was evidence on each of them pro and con. These issues of fact were submitted to the jury by instructions unobjectionable, and to which no objections were made, and the

jury found the facts on both propositions in favor of plaintiff.

This court will not in such circumstances review their finding. Henry v. R. R., 109 Mo. 488; State v. Richardson, 117 Mo. 586; Newland College v. Borck, 44 Mo. App. 19. Judgment is affirmed. All concur.