D. S. MAYHEW, Administrator of the Estate of FERN B. WILMESHIR, Respondent, v. MUTUAL LIFE OF ILLINOIS, a Corporation, Appellant.

In the Springfield Court of Appeals, December 16, 1924.

1. **INSURANCE: Petition Held to Sufficiently Allege Terms of Policy and Compliance Therewith.** Petition, alleging that policy was issued and delivered to assured, that insurer thereby insured life of assured against death by accident, that he was accidentally killed, that he complied with terms of policy, and that required proof of death was furnished, *held* to sufficiently allege terms and conditions of policy and compliance therewith.

2. **PLEADING: Failure of Petition, in Action on Life Policy, to allege Survival and Relationship of Beneficiary, Held not Fatal.** In action on life policy by administrator of beneficiary, failure of petition to allege survivorship and relationship of beneficiary was not fatal after verdict, as fact that beneficiary did not survive or was not person for whose benefit assured could legally procure policy were matters of defense; altho the petition would have been in better form if it had alleged both the survivorship and the relationship.

3. ————: **Omission in Petition Held Cured by Admission in Answer.** In action on life policy, where petition did not allege that policy was in force at time of death of assured, and defendant filed answer admitting the issuance of the policy, and stood on the defense that it was void because of fraud and misrepresentation in procuring it, this was equivalent to an admission that the policy was in force at time of death of assured unless voided by such fraud or misrepresentation, and failure to allege in petition that it was in force was not fatal after verdict; the omission of an essential allegation in a petition may be cured by an admission in an answer or by the answer putting in issue the omitted allegation of fact.

4. ————: **All Reasonable Intendments Will be Indulged in Favor of Petition Attacked Only by Objection to Introduction of Testimony.**

Attacking a petition by objecting to introduction of any testimony, while allowable, is not favored by courts, and after verdict all reasonable intendments will be indulged in favor of sustaining petition.

5. INSURANCE: Evidence Held not to Conclusively Show False State-ment by Assured as to Prior Sickness, Avoiding Policy. In action on policy, evidence *held* not to show *conclusively* that insanity, during which insured killed himself, resulted from attack of in-fluenza prior to issuance of policy, warranting peremptory instruc-tion for insurer, on ground of false statement in application as to medical attention.

6. ———: Accidental Death: Suicide by Insane Person is Death by Accident. Suicide by a person while insane is death by accident, and section 6150, Revised Statutes of 1919, prohibiting insurance companies from contracting against liability for death by suicide while insane, unless suicide was contemplated when application was made, applies to accident insurance companies.

7. ———: Contracts: Policy Delivered to Assured Residing in Missouri held a Missouri Contract. Where policy issued in Illinois provided that it should not be in force until delivered to the assured and the first premium paid, and assured lived in Missouri, and the policy was delivered to him there, *held*, that the policy was a Missouri contract.

8. TRIAL PRACTICE: Refusal of Requested Instruction Held not Reversible Error under Circumstances. In action on policy for death of assured, who committed suicide while insane, refusal of de-fendant's requested instruction, that if assured was insane at time of application for policy verdict must be for defendant, *held* not reversible error where real issue was whether insanity of as-sured was caused by sickness prior to application, and other in-structions told jury that, if assured stated in application that he was in good health when he was not, they should find for defend-ant.

---

*Headnotes 1. Insurance, 33 C. J., p. 85, Section 798; 2. Accident Insurance, 1 C. J., p. 489, Section 238 (Anno); 3. Pleading, 31 Cyc., p. 714; 4. Pleading, 31 Cyc., pp. 83, 682; 5. Accident Insurance, 1 C. J., p. 510, Section 338 (Anno); 6. Accident Insurance, 1 C. J., pp. 429, Section 73; 444, Section 108; 7. Insurance, 32 C. J., p. 980, Section 8; 8. Ap-peal and Error, 4 C. J., p. 1049, Section 3031.

Appeal from the Circuit Court of Lawrence County.—
*Hon. Chas. L. Henson*, Judge.

AFFIRMED.

*Dave Dabbs,* of Kansas City, for appellant.

(1) Petition does not state facts sufficient to constitute a cause of action. (1) It does not allege the policy was in force at the time of death of the insured. Shaver v. Mercantile Ins. Co., 79 Mo. App. 420, 1 c. 424-425. (2) It does not allege the beneficiary, Fern B. Wilmeshir, survived the insured, Samuel F. Wilmeshir, nor the relationship of the beneficiary to the insured. Sec. 6147, R. S. 1919; Shaver v./Merc. Ins. Co., 79 Mo. App. 420, 1. c. 425; Highland Investment Co. v. K. C. Computing Scales Co., 277 Mo. 365, 209 S. W. 895, 1. c. 897; Hanks v. Hanks, 218 Mo. 1. c. 679, 117 S. W. 1. c. 1104; Pomroy v. Fullerton, 113 Mo. 1. c. 453, 21 S. W. 19. (3) It does not allege the terms and conditions of the policy and that plaintiff has complied with all the terms and conditions of the policy. Howe v. Pacific Mutual Ins. Co., 75 Mo. App. 63; Storey v. Am. Central Ins. Co., 61 Mo. App. 534, 1. c. 538; Moore v. Mountcastle, 72 Mo. 607-608; Frazer v. Roberts, 32 Mo. 457, 461; Shaver v. Mercantile, etc., Ins. Co., 79 Mo. App. 420, 425. (2) The court erred in refusing defendant's demurrer to the evidence offered at the close of plaintiff's case and at the close of all the evidence. (1) The proof of death showed breach of warranties which invalidated the policy. Stephens v. Met. Life Ins. Co., 176 S. W. 253, 1. c. 255, 190 Mo. App. 673; Castens v. Supreme Lodge, 185 S. W. 264; Ins. Co. v. Newton, 89 U. S. 32; Almond v. Modern Woodman, 133 Mo. 382, 113 S. W. 695; Queatham v. Modern Woodman, 148 Mo. App. 33, 127 S. W. 651; Bruck v. John Hancock Mut. L. Ins. Co., 185 S. W. 753, 1. c. 755-756, 194 Mo. App. 529. (2) The policy expressly provided that the insurance became suspended for all purposes upon the insured

becoming insane, and further it excepted suicide in the insuring clause. There was no allegation in the petition that insured was a resident of Missouri at the time policy was issued or that he died in Missouri. To bring the case within the provisions of sec. 6150, R. S. 1919. Sec. 6150, R. S. 1919; Lukins v. Int. Life Ins. Co., 269 Mo. 574, 191 S. W. 418, l. c. 421-422. (3) Plaintiff's instruction No. 1 is erroneous. (1) It is broader than the pleadings, in that it requires the jury to find that the beneficiary, Fern B. Wilmeshir, survived the insured, Samuel F. Wilmeshir, which was not alleged in the petition. State ex rel. Central Coal & Coke Co. v. Ellison, 270 Mo. 645, 195 S. W. 722, 724; Degonia v. Railroad, 224 Mo. 589, 123 S. W. 817; State ex rel. Nat'l. Newsp. Ass'n v. Ellison, 176 S. W. 13. (2) It ignores the issue that deceased was not in good health at time of delivery of the policy and also ignores issue that he was insane at time policy was delivered. Stephens v. Met. Iife Ins. Co., 190 Mo. App. 673, 176 S. W. 253, 254; Lynch v. Prudential Ins. Co., 150 Mo. App. 461, 134 S. W. 145; Salts v. Prudential Ins. Co., 140 Mo. App. 142, 120 S. W. 714; Rissmiller v. St. L. & H. Ry. Co., 187 S. W. 573 (Mo. App. not officially reported); Friend v. Jones, 185 S. W. 1159 (Mo. App. not officially reported); Rawleigh Medical Co. v. Abernathy, 196 S. W. 1042 (Mo. App. not officially reported); Sherwood v. St. L. & S. W. Ry. Co., 187 S. W. 260 (Mo. App. not officially reported); State ex rel., Hartford Fire Ins. Co. v. Trimble, (Mo. Sup. Court) 250 S. W. 393. (3) It does not require the jury to find that deceased was a resident of Missouri at the time the policy was issued so as to bring the contract within the provisions of Sec. 6142, R. S. 1919, and Sec. 6150, R. S. 1919. Jones v. Derassett, 185 S. W. 239 (Mo. App. not officially reported); Rissmiller v. St. L. & H. Ry. Co., 187 S. W. 573. (4) It assumes policy was in force at time of death of insured. State ex rel. Hartford Fire Ins. Co. v. Trimble, 250 S. W. 393, l. c. 395. (Mo. Supreme Court not yet officially reported. (5) It is inconsistent with

instructions Nos. 4 and 9 given in behalf of defendant, which last instructions properly submit the issues as to insured's health at the time of delivery of the policy and of his having received medical or surgical attention. State ex rel., Central Coal & Coke Co. v. Ellison, 270 Mo. 645, 195 S. W. 722, 725; Mansur-Tebbetts Imp. Co. v. Ritchie, 143 Mo. 613, 45 S. W. 641; Rosenberg v. Gen'l Accident F. & L. Assurance Co., 246 S. W. 1009 (Mo. App. not officially reported); State ex rel. v. Ellison, 272 Mo. 538, 199 S. W. 984; Pullam v. Vaughn, 218 S. W. 899 (by this court). (4) Plaintiff's instruction No. 3 is erroneous. (1) This instruction confines the jury to only one issue, that is, whether misrepresentations, if any, contributed to insured's death and directs the jury to return a verdict for plaintiff based on that issue alone. Peoples Bank v. Baker, 193 S. W. 632. (By this court); Pullam v. Vaughn, 218 S. W. 889. (2) It is also erroneous as being argumentative and an undue comment on the evidence. McClure Bros. v. School Dist., 66 Mo. App. 84. (3) This instruction does not require the jury to find that deceased was a resident of Missouri at time the policy was issued so as to bring the case within the provisions of Sec. 6142, R. S. 1919, upon which said instruction is based. Sec. 6142, R. S. 1919. (5) Defendant's instruction marked "C" should have been given. There was evidence in the proof of loss and of witnesses that deceased was insane at time the application was made and at the time the policy was delivered. Stephens v. Met. Life Ins. Co., 176 S. W. 253, 254, 190 Mo. App. 673; Lynch v. Prudential Ins. Co., 150 Mo. App. 461, 131 S. W. 145; Salts v. Prudential Ins. Co., 140 Mo. App. 142, 120 S. W. 714. (6) Defendant's instruction marked "D" should have been given. The issue as to whether the false representations were material to the acceptance of the risk should have been submitted under the pleadings. The petition did not allege: (a) that deceased was a resident of Missouri when the policy was issued; (b) that deceased died in Missouri; (c) that the policy

was delivered in Missouri so as to bring the case within Sec. 6142, R. S. 1919. Sec. 6142, R. S. 1919; Lewis v. N. Y. Life Ins. Co., 209 S. W. 625, 629, 201 Mo. App. 48; Aloe v. Mutual Reserve Ins. Co., 147 Mo. 561, 578, 49 S. W. 553, 557; Le Grand v. Sec. Ben. Ass'n., 240 S. W. 852, 210 Mo. App. 700. (7) Defendant's instruction marked "E" should have been given. The proof of loss contained evidence to support this instruction; also witnesses so testified and deceased warranted in his application that he was not suffering from any physical or mental infirmities. Stephens v. Met. Life Ins. Co., 176 S. W. 253, 254, 190 Mo. App. 673; Lynch v. Prudential Ins. Co., 150 Mo. App. 461, 131 S. W. 145; Salts v. Prudential Life Ins. Co., 140 Mo. App. 142, 120 S. W. 714.

*James E. Sater,* of Monett, for respondent.

(1) Appellant's first contention is that the petition does not state a cause of action. If the petition is defective such defects are cured by the answer and verdict. No one can read the answer and not gather from it that the policy was in force at the time of the death of the insured. (2) Appellant's second assignment of error that its demurrer at the close of the evidence should have been given is clearly without merit. The case of Bruck v. John Hancock Mutual L. Ins. Co., 185 S. W. 753, 194 Mo. App. 529, is cited by appellant in support of this proposition but this case clearly demonstrates that the case at bar should have been submitted to the jury. Mr. Mayhew testified: "After he returned to work at his office he appeared cheerful and seemed to gain flesh. He ate hearty, and seemed to eat a little heartier than he had just some prior to that. He seemed to recover completely." Dr. Fergerson testifies as follows: "As a physician, from my observation of him there in the office I considered that he had completely recovered." In Bruck v. Insurance Co., supra, the court held: "In no event can an admission of this character

be conclusive against the plaintiff as a matter of law thereby in effect taking the case out of the operation of the statute unless it is a case where nothing whatsoever appears in evidence tending in any way to explain or contradict the admission or impair the force and effect thereof. (3) Sec. 6142, R. S. 1919, provides that the defenses interposed in this case are questions for the jury; and in the Bruck case (supra) the court says: "In a vast array of cases similar in their essential facts to that now before us our courts have held that whether the matter alleged to have been misrepresented actually contributed to the contingency or event on which the policy is to become due and payable is a question for the jury." Bultralik v. Metropolitan Life Insurance Co., 233 S. W. 250, is a well-considered case on the question at bar. I respectfully submit defendant's demurrer was properly overruled. (4) Appellant is not in position to raise the question that the policy sued on is not within the provisione of Sec. 6142, R. S. 1919, because in its instructions numbered 4 and 9 it recognizes the effect of the statute, and in its answer it tenders the premium paid, and on trial of said cause proved tender of premium, so that it might take advantage of the defenses invoked. Instruction 1 given on behalf of the plaintiff is correct. It is practically the instruction approved by the Supreme Court in case of Keller v. Home Life Insurance Co., 198 Mo. 440. Instruction number 3 given on part of the plaintiff is correct. It is expressly approved in the case of Conner v. Life and Annuity Ass'n, 157 S. W. 616. It seems to be well settled that it is not reversible error to assume in an instruction or to omit to submit in an instruction that which is conceded or not disputed or about which there is no contradiction in the evidence. Montgomery v. Hammond Packing Co., 217 S. W. 867. "But at no place in the evidence, directly or by inference did he deny that the plaintiff was unfamiliar with the operation of the machine. There was no contest of that point whatsoever. Of course a general denial

will require a plaintiff to prove his case though defendant remains silent; but when the evidence of each party shows such state of facts as that another fact must in reason, exist, it is not reversible error to assume the existence of the latter fact.'' Montgomery v. Hammond, supra. I submit that the criticism of respondent's unstructions are answered by the case of Keller v. Home Life Insurance Co., supra. (5) Appellant insists that its instruction marked ''C'' should have been given. I submit there is no testimony upon which to base this instruction. No witness testifies that the deceased was insane at either time mentioned in the instructions. The witnesses who were acquainted with the deceased and who saw him at these times says he ''had completely recovered.'' Dr. Williams testifying on examination by appellant was asked the following questions: ''Was his form of insanity one that develops suddenly or is it rather a breaking down of the nervous system that comes on gradually? A. This is the acute form of insanity which comes on suddenly.'' Instruction D was properly refused. (6) It ignores the important qualifications of Sec. 6142. Such an instruction is expressly condemned in Summers v. Metropolitan Ins. Co., 90 Mo. App. 702. In Jenkins v. Covenant Mut. Life Ins. Co., 171 Mo. 379, refused instruction number 5 is similar to the one at bar and the Supreme Court affirmed the judgment. Instruction E requested by appellant is covered by instructions numbers 4 and 9. The answer pleads infirmities but limits such infirmities to influenza and its effects.

COX, P. J.—Action upon an accident insurance policy. Verdict and judgment for plaintiff and defendant appealed.

The name of the insured was Samuel F. Wilmeshir who was a dentist living at Monett, Missouri. The beneficiary in the policy was his wife, Fern B. Wilmeshir. The insured, while insane, shot and killed his wife and himself. They were at the time visiting the wife's parents

at Bourbon, Missouri. Shots were heard in their room and when parties got into the room the husband, Samuel F. Wilmeshir, was dead and his wife almost dead. She breathed once or twice, only, after parties reached the room. The plaintiff was appointed her administrator and brought this suit.

At the trial, the sufficiency of the petition was attacked by an objection to the introduction of any testimony on the ground that the petition failed to state a cause of action and the appellant insists here that its objection should have been sustained. The petition, after alleging the incorporation of defendant in the State of Illinois and is authorization to do business in Missouri and the death of Fern B. Wilmeshir and his appointment as her administrator contains the following as the statement of plaintiff's cause of action, to-wit: ''Plaintiff states that on the 6th day of April, 1923, the defendant in consideration of the payment to it of certain premium and reward, made, executed and delivered to Samuel F. Wilmeshir its policy of insurance, which said policy is hereto attached and marked Exhibit 'A', by which it insured the life of the said Samuel F. Wilmeshir against accident in the sum of Three Thousand Dollars for the benefit of the said Fern B. Wilmeshir.

Plaintiff states that on the 23d day of April, 1923, the assured, Samuel F. Wilmeshir was accidentally, externally and violently killed by a gun shot wound inflicted by his own hand while insane.

Plaintiff says that the said assured had complied with the terms and provisions of the said policy in every manner and that after his death aforesaid proofs of death were furnished the said defendant as required by the said defendant.''

The petition then alleged demand and refusal to pay.

Three objections are made to the sufficiency of the petition: First, it does not allege that the policy was in force at the time of the death of the assured; Second, it

does not allege that the beneficiary, Fern B. Wilmeshir, survived the assured nor her relationship to him; Third, it does not allege the terms and conditions of the policy and that these had been complied with. Of these in inverse order. The petition does allege that the policy was issued and delivered to Samuel F. Wilmeshir and that defendant thereby insured the life of said Samuel F. Wilmeshir against death by accident and that he was accidentally killed and that the assured had complied with all the terms and conditions of the policy and that after his death proofs of death were furnished defendant as required by it. We think this sufficient as against the third objection aforesaid.

The second objection is that the petition does not allege that the beneficiary, Fern B. Wilmeshir, survived the assured nor her relationship to him. The fact that her administrator was suing to recover on the policy was notice to defendant that the claim of plaintiff would be that under the terms of the policy a right of action accrued to her in her lifetime. She was named as beneficiary in the policy and if she did not survive the assured or was not a person for whose benefit he could legally procure a policy—those were matters of defense, and while the petition would have been in better form had it alleged both the survivorship and the relationship, a failure to specifically make those allegations should not be regarded as fatal after verdict.

The first objection, to-wit, that the petition does not allege that the policy was in force at the time of the death of the assured is of a more serious import. We do not, however, think it fatal after verdict. Had defendant filed a demurrer to the petition and stood on it, its position here would be much stronger. The answer admits that defendant issued the policy sued on, then alleged it was void because of fraud and misrepresentation in procuring it. This was equivalent to an admission that the policy was in force at the time of the death of the assured unless the alleged fraud and misrepresentation

voided it. The omission of an essential allegation in a petition may be cured by an admission in an answer or by the answer putting in issue the omitted allegation of fact. [Davidson v. Laclede Land & Improvement Co., 253 Mo. 223, 161 S. W. 686; McIntyre v. Federal Life Ins. Co., 142 Mo. App. 256, 265, 126 S. W. 227; Hays v. Miller's Estate, 189 Mo. App. 72, 77-78, 173 S. W. 1096.]

The only objection to the petition at the trial was made by an objection to the introduction of any testimony. This form of attack on a petition, while allowable, is not favored by the courts and after verdict all reasonable intendments will be indulged in favor of sustaining it. The ultimate purpose to be accomplished by the allegations of a petition is to furnish a basis for a judgment and to notify the defendant what he must defend against. After answering in this case and admitting it issued the policy sued on and then putting its validity in issue by an allegation of fraud and misrepresentation in procuring it and trying the case on that theory, we do not think defendant is now in position to complain that the petition failed to specifically allege that the policy was in force at the time of the death of the assured. [See also Howe v. Insurance Co., 75 Mo. App. 63, 66.] .While the petition in this case is not well drawn, we think it sufficient after verdict.

It is next insisted that a demurrer to the testimony should have been sustained. The policy provided that statements in the application for the policy were warranties and if untrue, should avoid the policy. In answer to questions the assured had stated in his application that he had not received medical attention within five years except to have his tonsils removed and that he was then in good health. In the death proofs, the statement of the physician who attended him just before he committed suicide and who was called immediately after the shot, stated that the remote cause of death was insanity following "flu" and that he had received his information as to the "flu" from the deceased. He had never

treated the deceased for "flu" but there was other evidence in the case that deceased had had a slight attack of "flu" or influenza in February before this policy was issued on April 6th. The physician who made the statement in the death proofs testified at the trial and then gave it as his opinion that deceased was insane when he shot himself and also that such insanity had been produced as the result of an attack of influenza in February. There was other evidence that the attack of influenza was light and only confined him to the house for about one week on or near the first of February and that he had recovered before he applied for this policy. There was nothing about him to indicate insanity or a mental affliction of any kind until about five to eight days before he shot himself. There was evidence that influenza may and often does produce insanity but it is not confined to any particular form of insanity. Deceased had illusionary insanity which may result from influenza and, of course, may result from other causes. It was shown conclusively at the trial that the assured was insane when he shot himself and the issue fought out on the evidence was whether his insanity resulted from the attack of influenza in February before the policy was issued or whether it was an affliction which came upon him suddenly and was produced from some cause other than influenza. There was abundant evidence to have justified a finding that insanity resulted from the influenza but we are not prepared to say that it was so conclusively shown as to have required a peremptory instruction for defendant to have been given.

This policy provided that it should not apply to any injury by any accident while the assured was insane. It is now well settled in this State that suicide by a person while insane is death by accident and we have a statute, section 6150, Revised Statutes 1919, which forbids life insurance companies from contracting against liability for death by suicide while insane unless suicide was contemplated when the application for insurance was

made and this statute applies to accident insurance companies. [Logan v. Fidelity & Casualty Co., 146 Mo. 114, 47 S. W. 948; Aufrichtig v. Columbia Nat. Life Ins. Co., 298 Mo. 1, 249 S. W. 912; Wacker v. National Life & Acc. Ins. Co. of Nashville, Tenn., 201 Mo. App. 586, 213 S. W. 869.]

Contention is made that the petition does not allege facts to show that this policy was a Missouri contract and hence evidence to show that fact was inadmissible and since the policy provided that it should be suspended for all purposes upon the assured becoming insane, no recovery could be had. This is harking back to the petition which we have held is good after verdict. The policy in this case, while issued by an Illinois company, provided that it should not be in force until delivered to the assured while in good health and the first premium paid. It was conceded that the first payment of premium had been made and this was tendered back at the trial. The assured lived at Monett, Missouri, and delivery took place there and hence this policy was clearly a Missouri contract and is to be construed under the Missouri law. [Lukens v. International Life Ins. Co., 269 Mo. 574, 191 S. W. 418.]

Objection is made to the instructions. It is said that No. 1 for plaintiff is erroneous because it omits all references to the defenses offered by defendant. A mere reading of this instruction will show that it does refer to the defenses and is not open to the criticism levelled against it.

The following instruction asked by defendant was refused: "The court instructs the jury that if you find and believe from the evidence that deceased Samuel F. Wilmeshir was insane at the time he made application for the policy of insurance or at the time said policy was delivered to him, then your verdict must be for the defendant." This instruction had very little evidence on which to base it. It might have done no harm had it been given but we do not think its refusal reversible

error.   The real issue in the case was not so much the time at which the deceased really became affected with insanity but was whether the insanity of deceased, which it was conceded existed when he shot himself, was caused from the influenza which attacked the deceased in February or whether it came from some other cause.   If the influenza did not cause the insanity then there was no evidence on which the jury could have found that the assured was insane when the policy was issued or when it was delivered.   The jury were told in other instruc-tions that if they should find that the assured had stated in his application that he was then in good health and should find that he was not in good health at said time or at the time when the policy was delivered, but was then suffering from the effects of influenza and that said influenza either caused or contributed to the cause of his death, then they should find for defendant.   The fact whether the influenza affected him in any way at the time he made the application or at the time the policy was delivered was not an issue, but the real issue in this case was whether, as a matter of fact, the influenza brought about the insanity with which he was afflicted at the time of his death and whether the influenza in that way contributed to his death.   That issue was clearly submitted to the jury.   Other refused instructions were along the same line and the same holding applies to them also.

We find no reversible error and the judgment will be affirmed.   *Farrington* and *Bradley, JJ.,* concur.