F. H. DeMott, Respondent, v. Great American Insurance Company of New York, Appellant.—131 S. W. (2d) 64.

In the Springfield Court of Appeals. July 3, 1939.

Rehearing denied July 24, 1939.

*Hook & Thomas* for appellant.

*George V. Farris* for respondent.

FULBRIGHT, J.—This is an action on an insurance policy, begun March 31, 1936, in the Circuit Court of Jasper County. Judgment for plaintiff in the sum of $213.25. Defendant appeals.

The petition, after alleging that defendant is an insurance corporation, duly licensed to do business in the State of Missouri and engaged in insuring personal property against damage from loss by fire or theft, or damages to motor vehicles by reason of collision, is as follows:

"That for a stipulated premium defendant issued its policy of insurance No. A20394 whereby it insured one 1934 Plymouth Sedan belonging to plaintiff against loss or damage by fire, theft or collision for a period commencing July 3, 1934, and ending January 3, 1936, it being provided in said policy that in case plaintiff's said car was damaged by collision it would pay plaintiff the actual cash value of said damages in excess of the sum of Fifty Dollars ($50.00).

"Plaintiff further states that on or about the 20th day of August, 1935, while said policy was in full force and effect, and without any notice to plaintiff of any attempt to cancel said policy, plaintiff's said Plymouth Sedan, so insured as aforesaid, was in the County of Barton and State of Missouri damaged by collision so that the same was completely wrecked; that the actual cost of repairing said Plymouth Sedan so insured as aforesaid and placing same in the same condition

as it was before said collision would be Three Hundred Seventy-five Dollars ($375.00) and that after deducting Fifty Dollars ($50.00) as provided in said policy the plaintiff is entitled to recover of defendant the sum of Three Hundred Twenty-five Dollars ($325.00) for which demand of payment has been made and payment refused.

"Plaintiff states that the premium for the issuance of said policy was paid to defendant by this plaintiff herein and the same was received by defendant and that by reason of the failure of defendant to pay said loss after notifying defendant of same, plaintiff has been damaged in the sum of Three Hundred Twenty-five Dollars ($325.00)."

Defendant timely filed its demurrer on the ground that the petition does not state facts sufficient to constitute a cause of action. The demurrer was overruled by the trial court. Defendant then filed its answer admitting its corporate existence and its license to do business as alleged; admitted the issuance and delivery of the policy; but denied all other allegations in the position. As a defense, defendant alleged breach of the contract of insurance in that plaintiff failed to give immediate notice in writing to the company of the collision, and failed to make proof of loss as required in the policy. Further answering, it is alleged that the policy of insurance, insofar as it relates to collision, was cancelled and voided on September 12, 1934. As a further defense, the answer alleged that plaintiff is estopped from prosecuting this action for the reason that plaintiff had previously pursued a different and inconsistent remedy, receiving something of value in the settlement of such claim.

The cause was submitted to the court on an agreed statement of facts, supplemented by certain documentary evidence, the applicable portions of which are contained, in substance, in said statement. The statement is as follows:

"July 3rd, 1934, the plaintiff, F. H. DeMott, bought a Plymouth sedan, No. 2199346, from Harold Wiggins, doing business as the Wiggins Motor Company of Carthage, Missouri. The plaintiff traded in a Graham car for a credit of $75.50 and executed his note for $540.00 for the balance of the purchase price, including item of $28.50 for insurance. The note was payable in installments of $30.00 per month, and payments were made each month from July, 1934, to and including September, 1933, a total of fourteen payments, the last payment being made September 3rd, 1935.

"July 3rd, 1934, the defendant, Great American Insurance Company, issued its policy No. A20394, having a total premium of $28.50, naming the plaintiff, F. H. DeMott, as assured, and with a mortgage clause payable to the Wiggins Motor Company, or assigns. The items of the policy were as follows: $500.00 against fire, lightning and transportation, $500,00 against theft, $500.00 against tornado, actual cash value less $50.00 deductible against collision or upset. Each of

the items carried its own proportionate part of the premium, and on the last item carried, collision, with which this action is concerned, the premium was $12.00. The insurance was arranged for by Harold Wiggins, and the note was discounted and sold by him to Charles W. Crow.

"July 6th, 1934, the plaintiff applied for and received Policy No. 10462227-Mo., issued by the State Farm Mutual Automobile Insurance Company of Bloomington, Illinois, and covering the Plymouth sedan No. 2199346 against collision. This latter policy provided that the insurance company, being a mutual, would pay eighty percent of loss by collision. This policy was written for a term of one year, and under its terms the premium was collected in advance for six months only. At the end of the six months period Mr. Lloyd, agent for the State Farm Mutual Automobile Insurance Company, attempted to collect the additional premium, but the plaintiff declined to pay it.

"September 8th, 1934, while the Plymouth car was being operated by the plaintiff, or some member of his family, it was in a collision and was damaged to the extent of $19.50. Claim was made by the plaintiff against the State Farm Mutual Automobile Insurance Company, and on the 29th day of September, 1934, that company issued its draft payable to the plaintiff, being in the sum of $15.60, which was eighty percent of the total loss.

"On September 12, 1934, C. W. Crow went to the office of the defendant and there requested the cancellation of the collision coverage in defendant's policy. Pursuant to his request the cancellation endorsement was placed upon the policy, leaving the other two items in effect, and the receipt of the said C. W. Crow for a return premium of $7.92, the short rate cancellation of the premium on this item, was taken, and this money was paid to Mr. Crow, which was without actual knowledge or consent of plaintiff.

"August 20, 1935, the plaintiff's Plymouth automobile, while being driven by plaintiff, was in a collision and was badly damaged. The reasonable extent of said damage, less $50, being $300. No claim was ever made against the defendant for the collision of September 8, 1934. On ——————— Charles W. Crow died, and his widow, Ethel Crow, was appointed executrix of his estate. Thereafter, on the second day of November, 1935, the plaintiff filed suit in the Circuit Court of Jasper County, Missouri, against Harold Wiggins, doing business as Wiggins Motor Company, and Ethel Crow executrix of the estate of Charles W. Crow, deceased, a copy of the petition being attached to defendant's answer, and the petition charging in substance the payment of the premium of insurance to Crow and Wiggins, with their assurance they would secure insurance on the Plymouth automobile; but that they failed and neglected to procure said insurance, or cancelled said insurance if it was taken out without

the knowledge of the plaintiff. Damage to the Plymouth car on the 20th day of August was claimed in the total amount of $400.

"This is the same transaction, car and accident and the same insurance involved in the present suit.

"Thereafter, on or about the 26th day of February, 1936, a compromise was reached between the parties to the suit, and pursuant to that agreement the note on which the balance of approximately $112.08 was due was surrendered to DeMott. The salvage was given to DeMott, and it was traded in to Wiggins as part payment on a new automobile. A chattel mortgage executed by DeMott as security for the note was satisfied and cancelled at the office of the Recorder of Jasper County, Missouri, file No. 8282. Thereafter, on the 26th day of March, 1936, the present suit was filed.

"Notice of the collection of August 20, 1935, was given by the plaintiff to the defendant's agent at Carthage, Missouri, about September 1, 1935. No formal proof of loss, as described in the policy and as pleaded in defendant's answer, was ever furnished by the plaintiff to the defendant.

"Upon the surrender of the note and salvage and cancellation of the chattel mortgage above referred to the suit by plaintiff against Mrs. Crow and Wiggins was dismissed on or about February 26, 1936."

Defendant insists that the court erred in overruling its demurrer to plaintiff's petition, contending that the petition wholly fails to allege due compliance by the plaintiff with the terms and conditions of the policy and especially as to furnishing proof of loss. By answering over after its demurrer had been overruled, defendant waived all defects and objections to the petition except its sufficiency to support a judgment. [Howe v. Insurance Company, 75 Mo. App. 63.] The purpose of a petition is to inform the defendant of the nature of the action lodged against him, advise him what he must defend against, and furnish the basis for a judgment. Had defendant stood on its demurrer we would be confronted with a different problem, but after the demurrer was overruled, defendant answered over, admitting issuance of the policy sued on, charged plaintiff with the breach thereof, alleged that the policy had been cancelled, and pleaded estoppel on the ground that plaintiff had previously pursued a different and inconsistent remedy. Alleging a breach of the policy, as well as pleading estoppel, is equivalent to admitting that the policy was in force at the time of the collision. Under the petition and answer the issues were clearly drawn, the cause went to trial resulting in a judgment for the plaintiff. After judgment, we think the petition is sufficient. [Mayhew v. Mutual Life of Illinois, 217 Mo. App. 429, 266 S. W. 1001; Murphy v. Insurance Company, 70 Mo. App. 78.]

Defendant's contention that the failure of plaintiff to make due proof of loss precludes recovery is without merit. The only reason-

able inference that can be drawn from defendant's admissions that it issued the policy, that a collision occurred resulting in damages, that a short time thereafter plaintiff gave notice to the agent of the company of the loss, coupled with defendant's allegation in its answer that the policy had been cancelled, in that defendant denied liability upon receipt of notice of the collision because of such cancellation. In this situation it waived proof of loss.

It is urged by defendant that the cancellation of the policy by C. W. Crow was completed by ratification; that plaintiff on July 6, 1934 took out a like policy with the State Farm Mutual Automobile Insurance Company in anticipation of the cancellation of defendant's policy. However, the policies are not identical. Defendant's policy has a $50 deductible clause, while the policy issued by the other company provides for the payment of 80% of all loss sustained as a result of collision. Since the damage to plaintiff's car on September 8, 1934, was less than $50, a report of the loss to defendant company would have been futile. On the other hand, the Farm Mutual Company was liable for 80% of any·damage sustained. The reasonable inference to be drawn from plaintiff's action in taking out the policy in the latter company is, not that it was done in anticipation of the cancellation of defendant's policy, but rather to secure coverage in part for all damages resulting from collision where the amount of damages sustained was less than $50. It is admitted that the attempted cancellation of the policy in the defendant company was without the actual knowledge or consent of plaintiff, and we find nothing in the record sustaining defendant's theory of ratification.

The only other assignment of error upon which defendant seeks a reversal is that plaintiff, by a prior election and pursuit of action, is now estopped and barred from presenting this action as a matter of law. The law is well settled that where a party has a right to pursue one of two inconsistent remedies, makes his election, institutes suit and prosecutes it to final judgment, or receives something of value on the claim, he cannot thereafter pursue another and inconsistent remedy. [Tooker v. Missouri Power & Light Co., 336 Mo. 592, 80 S. W. (2d) 691; Cowan v. Young, 282 Mo. 36, 220 S. W. 869.] It is equally well settled that there can be no election of remedies unless two or more inconsistent remedies exist, and before a party can be held to have elected his remedy, or to be estopped from asserting a different remedy, he must have known at the time he proceeded of the existing or more than one available remedy. We must not lose sight of the distinction between pursuit of one of two inconsistent remedies and pursuit of an imaginary or mistaken remedy. It is obvious from the record before us that plaintiff did not have two remedies in point of fact. That he misconceived his rights and pursued a supposed remedy to which he was not entitled, is not enough to prevent him from pursuing one to which he is entitled. [Hill v.

Combs, 92 Mo. App. 242; Hartwig v. Security Mutual Life Insurance Co., 141 S. W. 477; Fitzgerrell v. Federal Trust Co., 187 S. W. 600; Johnson-Brinkman Commission Co. v. Missouri Pacific Railway Co., 126 Mo. 344, 28 S. W. 870; Horigan Realty Company v. First National Bank, 221 Mo. App. 329, 273 S. W. 772.]

The insurance premium, according to the agreed assignment of facts, was paid to the Wiggins Motor Company. The policy was arranged for by Harold Wiggins on the same date with the defendant company. There is nothing in the stipulated facts that indicates that C. W. Crow had anything whatever to do with taking out the insurance. The attempt to cancel the policy was made by Crow without the knowledge or consent of plaintiff, and defendant must have known that the attempted cancellation at his request was void. The stipulated facts disprove the existence of any cause of action against Wiggins Motor Company and the estate of C. W. Crow, and especially the cause of action charged in the petition offered in evidence. Following a mistake as to remedy, that is, a remedy that plaintiff did not have, is not the pursuit of an inconsistent remedy, and consequently, there could not have been an election.

It is true, that about the time of the dismissal of the suit against the Wiggins Motor Company and Crow, plaintiff received something of value, but we do not think this brings the case within the rule relative to election of remedies. The receipt of something of value, as used in that rule, contemplates receiving something of value on a claim having some basis in law and in fact. There is no estoppel by record or *in pais* since defendant was not injured in any way by the former action, nor did it receive detriment in a legal sense. Moreover, defendant was given the benefit of the amount received in settlement of the former suit and whether it is entitled to this credit or not, it is in no position to complain.

Finding no reversible error, the judgment is affirmed. *Allen, P. J.,* absent; *Smith, J.,* concurs.