NORMAN W. PEMBERTON, Appellant, v. LADUE REALTY & CONSTRUCTION COMPANY, a Corporation, and JAMERSON C. McCORMACK, Respondents, No. 41354—224 S. W. (2d) 383.

Division Two, November 14, 1949.

*Herbert W. Ziercher* and *Wm. J. Becker* for appellant.

*Don O. Russell* for respondents.

TIPTON, P. J.—The parties to this action held a pre-trial conference in the chambers of James E. McLaughlin, Judge of the circuit court of the city of St. Louis. At this conference the trial court took judicial notice of the entire file in an earlier case between the same parties which was filed in the circuit court of St. Louis

County and the decision in that case of the St. Louis Court of Appeals. Later, the trial court entered its findings and judgment on the issues of law raised in respondents' answer and found in favor of the respondents "on the issues of res adjudicata as alleged in defendants' (respondents') answer." From this judgment the appellant has duly appealed.

On January 17, 1941, the appellant filed his petition in the circuit court of St. Louis County against Ladue Realty & Construction Company, a corporation, and Jamerson C. McCormack. The case went to trial on the third amended petition. It was in two counts.

The first count of the petition alleged that in the spring of 1938 the appellant and respondent McCormack entered into an oral contract respecting the purchase and development of tracts of land located in St. Louis County; that by the contract it was agreed that McCormack would undertake the financing necessary for the purchase of the real estate, and for its development, subdivision and sale; that the financing would be accomplished by the formation of a corporation and the sale of its stock to McCormack and certain members of his family; that the corporation would purchase the property, take title in its own name, and take care of all the financing in connection with the development, subdivision, and sale of the property; that appellant would devote all his time to the promotion of the sale of lots and for such services would receive one-half of the net profits earned by the corporation; that pursuant to this agreement McCormack organized the Ladue Realty & Construction Company as outlined above and appellant devoted his entire time and attention to such matters as were necessary in the development, operation and sale of the property as a subdivision; and that the corporation by its conduct accepted appellant's services until August 7, 1940, when he received a letter from the corporation instructing him to remove himself and his personal effects from the property. The petition also alleged that by reason of the breach of the contract, the appellant has been deprived of one-half of the profits he would have been entitled to upon the completion of the development of the subdivision and the sale of the lots and houses thereon.

The second count of the petition was in quantum meruit. It alleged that at the special instance and request of the respondents, appellant rendered services of great benefit to respondents in the development and sale of lots and houses thereon. It further alleged the reasonable value of such services was $20,000 and prayed judgment for that sum.

At the first trial appellant abandoned the first count of the petition and had the court instruct only on the second count. The trial resulted in a verdict and judgment against the present respondents for $7,033 on the second count of the petition.

This judgment was reversed by the St. Louis Court of Appeals. Its opinion is reported in 237 Mo. App. 971, 180 S. W. 2d 766. That court held that under the evidence of the present appellant that he was not entitled to go to the jury under the second count for the reason that his evidence if true shows ''that the parties entered into a partnership or joint enterprise agreement with reference to the development and sale of the property in question. Such being the case, it was improper to submit the case to the jury on the second count of the petition and thus permit a recovery for services rendered.'' That court said further: ''The trial court erred in refusing to direct a verdict for defendants on the second count of the petition. Whether plaintiff should have a verdict in an action brought on a correct theory is not before us. We have accepted plaintiff's testimony as true merely for the purpose of passing upon the sole issue before us, i. e., whether or not the trial court should have directed a verdict on count two of the petition. The judgment is reversed.'' Loc. cit. S. W. 2d 771-772.

The petition in the present suit is almost identical with count one of the petition in the first suit. As previously stated, the trial court entered a judgment for respondents on the ground that the issues in the present suit had been adjudicated.

The form of action in this suit is different from the form of action submitted to the jury in the first suit, but that is not material if the parties and the issues are the same. In the first suit, to entitle appellant to recover he was not required to prove a contract but only facts from which the law will imply a contract, i. e., that at respondents' request appellant performed labor or services for respondents and that they were of some value. In the present suit, to entitle the appellant to recover he is required to show a contract of partnership or joint adventure, and a performance on his part of that contract, until he was prevented from this performance by the respondents. The first suit was on an implied contract; the present one is on an express contract. ''The contracts are entirely different and it matters not that they both seek to recover damages for the same article [services rendered], they are separate and distinct causes of action; as distinct as is a contract, all the terms of which the parties have agreed to beforehand and then reduced to writing and signed, from a contract which the parties had not agreed to at all, but which the law implies from their conduct. There is, therefore, no splitting of the cause of action by the bringing of the second suit, and the rule which affords but one cause of action on an entire contract is not violated.'' Fritsch Foundry and Machine Co. v. Goodwin Mfg. Co., 100 Mo. App. 414, l. c. 423, 74 S. W. 136.

''The doctrine of res adjudicata is not available as a bar to a subsequent action if the judgment in the former action was rendered because of a misconception of the remedy available or of the proper

form of proceeding. In such situation, the plaintiff is entitled to bring the proper proceeding to enforce his cause of action." 30 Am. Jur. Sec. 210, pages 946-947. To the same effect is the case of Lindell v. Liggett, 1 Mo. 306.

There can be no doubt that appellant misconceived his remedy when he submitted his action on the quantum meruit theory; if he has a cause of action it is on the theory of an express contract of partnership or joint adventure. This was the theory on which the St. Louis Court of Appeals rendered its decision.

Nor do we think that appellant is estopped to maintain this action on the doctrine of election of remedies. This for the reason that he did not have two inconsistent remedies. In the first case the appellant pursued only an imaginary or mistaken remedy. "The doctrine of election of remedies has no application where a party has in fact only one available remedy, although he may think he has another which he pursues without avail." Motley v. Dugan, 191 S. W. 2d 979, l. c. 983.

"The law is well settled that where a party has a right to pursue one of two inconsistent remedies, makes his election, institutes suit and prosecutes it to final judgment, or receives something of value on the claim, he cannot thereafter pursue another and inconsistent remedy. Tooker v. Missouri Power & Light Co., 336 Mo. 592, 80 S. W. 2d 691, 101 A.L.R. 365; Cowan v. Young, 282 Mo. 36, 220 S. W. 869. It is equally well settled that there can be no election of remedies unless two or more inconsistent remedies exist, and before a party can be held to have elected his remedy, or be estopped from asserting a different remedy, he must have known at the time he proceeded of the existence of more than one available remedy. We must not lose sight of the distinction between pursuit of one of two inconsistent remedies and pursuit of an imaginary or mistaken remedy. It is obvious from the record before us that plaintiff did not have two remedies in point of fact. That he misconceived his rights and pursued a supposed remedy to which he was not entitled, is not enough to prevent him from pursuing one to which he is entitled. Hill v. Combs, 92 Mo. App. 242; Hartwig v. Security Mutual Life Insurance Co., 167 Mo. App. 128, 151 S. W. 477; Fitzgerrell v. Federal Trust Co., Mo. App., 187 S. W. 600; Johnson-Brinkman Commission Co. v. Missouri Pacific Railway Co., 126 Mo. 344, 28 S. W. 870; Horigan Realty Company v. First National Bank, 221 Mo. App. 329, 273 S. W. 772." De Mott v. Great American Ins. Co. of New York, 234 Mo. App. 31, 131 S. W. 2d 64, l. c. 67-68.

We have carefully examined the authorities relied upon by respondents but they do not apply to the facts in this case.

It follows that the judgment should be reversed and remanded for a trial upon its merits. It is so ordered. All concur.