**B. D. ROBINSON, Plaintiff,**

v.

**CHICAGO GREAT WESTERN RAILWAY COMPANY, a corporation, Defendant.**

**No. 10425.**

United States District Court.
W. D. Missouri, W. D.

Sept. 11, 1956.

Robert & Freel, Kansas City, Mo., for plaintiff.

Guy A. Magruder, Jr., Terrell, Hess & Magruder, Kansas City, Mo., for defendant.

R. JASPER SMITH, District Judge.

In this case defendant has filed its motion for summary judgment on the grounds that plaintiff is barred from maintaining this action by reason of plaintiff's previous election of remedies in case No. 9202, between the same parties in Division No. 2 of this Court. The action was filed May 19, 1956, in the Circuit Court of Jackson County, Missouri, and was removed here June 7, 1956, as a diversity case.

This is an action for damages for false imprisonment alleged to have occurred on May 21, 1954. On June 11, 1954, plaintiff brought an action in the Circuit Court of Jackson County, Missouri, for the alleged false imprisonment and malicious prosecution of plaintiff by defendant. That case was removed to this Court and it is asserted by defendant that the claim for false imprisonment in the prior suit is the identical claim which plaintiff asserts now. That prior suit was tried in Division 2 of this Court, and at the conclusion of the evidence, upon defendant's motion, Judge Ridge required plaintiff to elect whether he would submit the case for adjudication as a claim for false imprisonment or as a claim for malicious prosecution. Plaintiff elected to submit the case as an action for malicious prosecution.

On June 11, 1956, the same day defendant filed its motion for summary judgment here, and about three weeks after plaintiff had commenced this case, Judge Ridge entered judgment for the plaintiff in the first suit, finding the defendant liable for malicious prosecution. On August 4, 1956, defendant filed notice of appeal from the judgment of Judge Ridge in the first suit.

The motion for summary judgment now under consideration is predicated on the fact that by virtue of the doctrine of election of remedies, plaintiff is bound by the election and is barred as a matter of law from asserting for the second time the claim of false imprisonment.

The doctrine of election of remedies involves the right to choose, or the act of choosing between different actions or remedies, where plaintiff has suffered one species of wrong from the act complained of. Broadly speaking, an election of remedies is the choice by a party to an action of one of two or more coexisting remedial rights, where several such rights arise out of the same facts; but the term has been generally limited to a choice by a party between inconsistent remedial rights, the assertion of one being necessarily repugnant to, or a repudiation of, the other. Thus, the doctrine of election of remedies, in its more technical and restricted sense, is the adoption of one of two or more coexisting remedies, with the effect of precluding a resort to the other.

The doctrine of election of remedies is largely a rule of policy to prevent vexatious litigation, and is widely recognized in state and federal courts. It is based on the rule that a party cannot, either in the course of litigation or in dealing in pais, occupy inconsistent positions, or proceed on irreconcilable claims of right. The doctrine's effect and status in Missouri is completely expressed and summarized by the Kansas City Court of Appeals in the case of United States Fidelity & Guaranty Co. v. Fidelity National Bank & Trust Co., 1937, 232 Mo. App. 412, 109 S.W.2d 47. See also De Mott v. Great American Insurance Co., 1939, 234 Mo.App. 31, 131 S.W.2d 64, 65; Baker v. Aetna Casualty & Sur. Co., Mo. App.1946, 193 S.W.2d 363; and Davis v. Hauschild, Mo.1951, 243 S.W.2d 956.

Election is predicated on the existence of a state of facts that fur-

716

nishes the party an option to do either the one thing or the other. There must be the possibility of an adoption or rejection of a theory of action. If in truth there is only one remedy and not a choice between two or more, the doctrine of election does not apply, as where a party misconceives his remedy and the one on which he expected to rely was never available to him. It is the general rule that an election can exist *only* where there is a choice between two or more inconsistent remedies actually existing at the time the election is made. Hence, the fact that a party misconceives his right, or through mistake attempts to exercise a right or remedy to which he is not entitled, or prosecutes an action or defense based upon a remedial right which he erroneously supposes he has, and is defeated because of such error, does not constitute a conclusive election and does not preclude him from thereafter prosecuting an action based upon an inconsistent remedial right, at least where plaintiff received no benefit from the prior suit and no substantial detriment to defendant is shown. Motley v. Dugan, Mo.App.1946, 191 S.W.2d 979; Rankin v. Tygard, 8 Cir., 1912, 198 F. 795, 119 C.C.A. 591; Borserine v. Maryland Casualty Co., 8 Cir., 1940, 112 F.2d 409; Pemberton v. Ladue Realty & Const. Co., 1949, 359 Mo. 907, 224 S.W. 2d 383; and De Mott v. Great American Ins. Co., 1939, 234 Mo.App. 31, 131 S.W. 2d 64, 65.

Although not always observed, the distinction between malicious prosecution and false imprisonment, sometimes called false arrest, is fundamental. The causes of action for false imprisonment and malicious prosecution are quite different; they are made up of different elements; enforced, under common law pleading, by different forms of action; governed by different rules of pleading, evidence and damages; and are subject to different defenses. Historically, the distinction grew out of the early cases distinguishing between trespass and the action on the case, trespass being the common law remedy for false imprison-

ment and case the remedy for malicious prosecution.

Briefly, the essential difference between the wrongful detention for which an action for malicious prosecution will lie, and one for which an action for false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the latter the detention is without color of legal authority. Coffman v. Shell Petroleum Corp., 228 Mo.App. 727, 71 S.W.2d 97; Rice v. Gray, 225 Mo.App. 890, 34 S.W.2d 567; Rosendale v. Market Square Dry Goods Co., Mo.App., 213 S. W. 169.

In malicious prosecution plaintiff must allege and prove malice, want of probable cause, and the termination of the proceeding favorably to plaintiff. In false imprisonment it has been stated that the allegation of want of probable cause is not essential. Thompson v. Farmers' Exchange Bank, 333 Mo. 437, 62 S.W.2d 803; Greaves v. Kansas City Junior Orpheum Co., 229 Mo.App. 663, 80 S.W.2d 228. The burden is on the defendant to prove probable cause as a defense or in mitigation. In false imprisonment, malice is usually material only on the issue of damages; and the termination of the proceeding is not material. If the imprisonment is under legal authority, it may be malicious, but it cannot be false. This is true where legal authority is shown by valid process, even if irregular or voidable. Harbison v. Chicago, R. I. & P. Ry. Co., 327 Mo. 440, 37 S.W.2d 609, 79 A.L.R. 1.

Thus, it is readily observed that false imprisonment and malicious prosecution are, indeed, inconsistent remedies; for to establish facts in support of one action necessarily precludes, because of their inconsistency, the establishment of facts in support of the other action. For instance, if a court finds that defendant acted without legal authority in detaining plaintiff, that determination supports an action for false imprisonment, and utterly deprives plaintiff of pursuing on the same facts an action for malicious prosecution.

The plaintiff, upon knowledge of all facts, has no option to choose either false imprisonment or malicious prosecution; he is bound by his factual circumstances to pursue one or the other.

If plaintiff, through misconception or mistake, pursues an action for false imprisonment, and ultimately loses, he should not be barred from prosecuting an action based upon the correct theory. There is no substantial reason why plaintiff in good faith cannot pursue two apparent, but inconsistent, theories up to such time as all reasonable uncertainty disappears as to which theory or cause of action is the correct one. The reason given in support of this rule is that the prosecution of a wrong remedy to defeat will not estop a party from subsequently pursuing the right one to victory. The doctrine of election of remedies has no application where a party has in fact only one available remedy, although he may think he has another which he pursues without avail. The plaintiff in the instant suit is pursuing an action for malicious prosecution in another prior suit; but it remains to be seen, since an appeal is pending, whether malicious prosecution is plaintiff's correct remedy.

For the above reasons, the doctrine of election of remedies is not applicable to the instant case and defendant's motion for summary judgment should be overruled.

This Court by the exercise of its inherent power to control the disposition of cases on its docket, and with a view to economy of judicial time, may stay the instant proceeding pending the determination of plaintiff's prior claim for malicious prosecution by the Court of Appeals. See International Nickel Co., Inc., v. Martin J. Barry, 4 Cir., 1953, 204 F.2d 583 and Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153.

If the Court of Appeals affirms the judgment of Judge Ridge an appropriate motion for summary judgment may be entertained. If the Court of Appeals holds that plaintiff has mistaken his remedy, trial of the present case can proceed.

Defendant's motion for summary judgment is overruled. This action is stayed pending the determination of the appeal in Case No. 9202 in the Court of Appeals for the Eighth Circuit.