NANCY B. DOTY, RESPONDENT, v. THE WESTERN & SOUTHERN LIFE INS. CO., A CORPORATION, APPELLANT.*—16 S. W. (2d) 712.

St. Louis Court of Appeals. Opinion filed May 7, 1929.

*Corpus Juris-Cyc References: Costs, 15CJ, section 698, p. 285, n. 44; Life Insurance, 37CJ, section 73, p. 401, n. 46; section 107, p. 419, n. 62; section 445, p. 642, n. 89; Trial, 38Cyc, p. 1707, n. 98; p. 1709, n. 4; p. 1890, n. 56.

*Fordyce, Holliday & White, Walter R. Mayne* for appellant.

*Joseph O'Meara, Jr.,* of counsel.

*Thomas R. McGinnis* and *Wm. H. Bray* for respondent.

HAID, P. J.—This is an appeal from a judgment in favor of plaintiff for $500 upon an industrial insurance policy issued by the defendant. The facts will sufficiently appear in the consideration of the questions presented and it will therefore be unnecessary to state them here.

The defendant's first contention is that the court erred in overruling defendant's objection to the introduction of any evidence for the reason that plaintiff's petition failed to state facts sufficient to constitute a cause of action. We have examined the petition and are satisfied that it does sufficiently state a cause of action. It alleges that on or about July 22, 1927, defendant issued and delivered a policy of insurance upon the life of the deceased, and that the amount of such policy was payable upon the death of the insured to plaintiff; that the insured paid certain premiums; that insured died on a certain day; that notice of death was given defendant and demand made for payment and payment was refused. The defendant's objection is based upon the fact that there is no allegation that at the time of the death of the insured, September 6, 1927, the said policy was in full force and effect and that plaintiff or the insured had complied with the terms and conditions of said policy and it cites in support of its position the case of Mayhew v. Mutual Life of Illinois, 217 Mo. App. 429, 266 S. W. 1001, but, as was said in the case last cited, (l. c. 439):

"The only objection to the petition at the trial was made by an objection to the introduction of any testimony. This form of attack on a petition, while allowable, is not favored by the courts and after verdict all reasonable intendments will be indulged in favor of sustaining it. The ultimate purpose to be accomplished by the allegations of a petition is to furnish a basis for a judgment and to notify the defendant what he must defend against." [Ahern v. Collins, 39 Mo. 145.]

In the case of McIntyre v. Ins. Co., 142 Mo. App. 256, 266, 126 S. W. 227, the court holds that the rule of construction after answer

is filed and the issues are tried is that the petition is to be liberally interpreted and every reasonable inference indulged in favor of the pleader. [Hays v. Miller's Estate, 189 Mo. App. 72, 77, 173 S. W. 1096.]

Testing the petition by the cases above cited, it is apparent that the objection made to the introduction of any evidence goes only to matters to be pleaded in defense. While it is true that the petition does not allege the provision in the policy granting the insured a period of grace for the payment of premiums it does allege that the policy was issued and delivered on July 22, 1927, and that four weeks' premiums were paid from said date and that the insured died on September 6, 1927, but from this it cannot be inferred that such premiums carried the insurance for only four weeks but on the contrary, for aught that appears in the allegation the premiums paid carried the insurance for a period beyond the date of the death of the insured. Since, under the decisions referred to, the allegations of the petition under the circumstances here present must be construed most favorably to plaintiff and every fair inference drawn therefrom in plaintiff's favor, and the fair inference being that plaintiff had in mind that the policy was in force at the time of the death of the insured, otherwise suit would not have been filed, we hold that the petition did sufficiently state a cause of action which was not subject to attack after verdict.

The next contention made by the defendant is that plaintiff cannot maintain the action because she had not qualified as Administratrix of the deceased insured.

The policy in suit did not name a beneficiary in the body of the instrument. It contained a "facility of payment" clause in the form generally in use in industrial insurance policies which provided that the company might make payment "to any relative by blood or connection by marriage of the insured, or to any person appearing to the company to be equitably entitled thereto by reason of having incurred expense or obligations on behalf of the insured or for the insured's burial; and the production by the company of a receipt signed by any or either of said persons or other proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and all claims under this policy have been fully satisfied." The policy, however, did have attached to it a rider dated July 22, 1927, reading as follows:

"The undersigned, insured under policy No. 7058598 in the above company, hereby authorizes the said company to pay the amount of insurance due under said policy to *Nancy B. Doty, my mother.*

"It is agreed that this authorization is not to vary in any way or alter the terms and conditions contained in said policy, especially the 'facility of payment' provision therein."

Upon this rider again appeared the facility of payment clause containing the provision heretofore recited and at the end of the rider the same was signed by the insured.

No contention was made, either in the defendant's pleading or at the trial, that it had paid the amount of the policy to any of the persons designated in the facility of payment clause, and, therefore, as is said in the case of Wallace v. Insurance Co., 174 Mo. App. l. c. 120, 157 S. W. 1028; "Its position that it will pay only the executor or administrator comes, we think, with rather bad grace," when, by the very terms of the clause referred to, it might have paid any of the persons named therein, and the receipt of such person would have protected the defendant against any other claim. [Jackson v. Metropolitan Ins. Co. (Mo. App.), 294 S. W. l. c. 455.]

In the Wallace case above referred to, the soliciting agent represented to plaintiff that the amount of the policy would be paid the latter if he had possession of the policy and plaintiff was held to be entitled to the fund because of such representation, notwithstanding the policy purported to be payable to the executors or administrators of the insured and although there was nothing in writing providing for a payment to plaintiff.

The defendant relies upon the decision in the case of Manning v. Prudential Ins. Co., 202 Mo. App. 124, 213 S. W. 897, in which this court held that a facility of payment policy made payable to the executor or administrator of the insured could not be enforced in an action by a sister of the insured notwithstanding the fact that she paid the premiums upon the policy. This case is quite different from the one under consideration in the fact that that policy, under its terms, was made payable to the executor or administrator of the insured, reserving the right to the insurer to pay to others, without, however, conferring on such others the right to compel payment to them.

The defendant puts much reliance on the case of McDaniel v. Western & Southern Life Ins. Co., 164 N. E. 192, but after due and careful consideration, while the opinion is persuasive, we are unable to subscribe to the doctrine announced in that case.

In the present case, as in the McDaniel case, the rider which was attached to the policy authorized the company to pay the amount of the policy to the plaintiff. The Illinois court held that notwithstanding the rider the policy was payable to the administrator or executor but our judgment is that the rider is tantamount to making her the beneficiary of the policy, subject only to the right of the defendant to exercise the privilege granted it by the facility of payment clause

to pay any of the persons named therein to whom it might elect to pay the amount.

The defendant already had the right under the facility of payment clause to pay the mother of the insured, without her being specifically named, so that unless the effect of the rider was tantamount to making her the beneficiary under the policy, the rider had no purpose to fulfill. We must give effect to the intention of the parties as expressed in the contract and cannot ignore the only purpose which can be ascribed to the modification of the body of the instrument by the rider which was attached.

The defendant, having failed to exercise its option to pay one of the persons designated in the facility of payment clause, the plaintiff was entitled to maintain this action to recover the amount. [Williams v. Metropolitan Life Ins. Co. (Mo. App.), 233 S. W. l. c. 249.]

The defendant next contends that its demurrer at the close of the whole case should have been sustained, because the policy was not in force at the time of the death of the insured. This raises the question as to when the policy went into effect and for what period thereafter the premiums paid kept it alive.

The policy provides that ''No obligation is assumed by the company unless on the date and delivery hereof the insured is alive and in sound health.''

Although the policy is dated July 4, 1927, yet, if the insured had died before the delivery thereof, or her health had become impaired before then, by the very terms of the instrument no liability would have been incurred, consequently, there was no insurance during that period. [Lyke v. American National Ins. Co. v. (Mo. App.), 187 S. W. l. c. 267.] Accordingly, under the decision in Halsey v. Insurance Co., 258 Mo. 659, 167 S. W. 951, it is necessary to determine at what time the policy was delivered in order to fix the time when it went into effect and when premiums were due.

The evidence upon this question for the plaintiff was that the policy was delivered to the insured about July 20, 1927, and the premium receipt book shows that the insured was credited with four payments made on July 22, 1927, and the rider attached to the policy bears date July 22, 1927. The agent of defendant (a witness called by plaintiff) who entered the payments in the receipt book, testified that premiums for but two weeks were paid and that the policy was delivered on July 14th. Defendant's evidence was that the policy was delivered to the insured on July 14, 1927; that the first two payments shown on the receipt book evidenced payments made by the insured at the time her application was signed; that the agent who sold the policy and who was present when the policy was delivered, did not produce his book at the trial charging himself with the collection of the premiums shown by the receipt book to have been paid,

and had no recollection concerning the payments so shown; that he was not supposed to enter credit in the receipt book unless collection was made.

But whether collection of four premiums was actually made we think makes no difference in this case, for the reason that the agent credited the insured therewith, and by so doing extended her credit for that amount. There is no provision in this policy, as is often the case, that the premium is due at the home office of the company, and, therefore, if the amount was paid the agent, or the agent assumed responsibility therefor, by crediting her receipt book with the amount, the effect was the same as if some other person had paid the premiums for the insured.

But both the question of the date of delivery of the policy and the fact of the payment of the premiums were for determination by the jury, and the evidence was such that they were justified in resolving both questions adversely to the contention of the defendant.

If the policy was delivered on July 14th, as some of the evidence discloses, then the four payments credited on July 22d would have paid the premiums to August 11th, at least, and under the grace period clause, would have kept the policy in force for four weeks more, or, until September 8, 1927. And, if the policy was not delivered until July 22d, those premiums would have kept the policy in force for some considerable time beyond the death of the insured.

For the reasons stated this contention of the defendant is ruled against it.

The defendant also assigns as error the refusal to give instruction No. 1 requested by it. We think the court was correct in refusing this instruction, because it did not correctly state the law applicable to the situation. This instruction sought a direction to the jury that if they found that the policy dated July 4, 1927, required payment of a weekly premium of $.22 and if they further found that two weekly premiums were paid but there were no further premiums paid thereon, nor that any premiums were paid during the period of grace and if they further found and believed from the evidence that the policy was officially lapsed on the 29th of August and was no longer in force at the time of the death of the insured, then the plaintiff would not be entitled to recover. The instruction as tendered does not fix a time from which the policy was to go into effect under the law and in that respect alone it was defective.

No complaint is made about the instruction which was given concerning the weight of the evidence and the credibility of the witnesses nor to the instruction regarding the number of jurors necessary to return a verdict.

The defendant also complains that the trial court entirely failed to give or read to the jury any instruction defining the law as applicable

to the facts in the case, and especially as to the amount that the plaintiff was entitled to recover if she was entitled to recover at all. The record discloses that the court was asked by the plaintiff to give numerous instructions including one on the amount of the recovery, but the court refused to give any of the instructions so requested. The court was clearly within its right in refusing to give objectionable instructions and in the absence of a request for other instructions it was not incumbent upon the court to prepare and give instructions. [Williams v. Columbia Taxi Cab Company (Mo. App.), 241 S. W. l. c. 972; Roemer v. Wells (Mo. App.), 257 S. W. l. c. 1057.]

The jury returned a verdict in favor of the plaintiff for $500 ''and ten per cent'' but did not indicate what the ten per cent was for. The court treated this ''and ten per cent'' as surplusage and entered a judgment for $500. In doing this the court is amply sustained by the authorities and no error can be predicated on its action in this respect. [Roman v. King (Mo. App.), 268 S. W. 414 and cases cited.]

Plaintiff contends that this appeal is wholly without merit and asks this court to assess the statutory penalty under the provisions of section 1515, Revised Statutes 1919, as for a vexatious appeal. We fail to find anything to indicate that the appeal was not taken in good faith. In fact we believe that the defendant was entitled to urge upon this court the decision of the Illinois Supreme Court in the McDaniel case and it could not be said, under these circumstances, that its appeal was vexatious. [Stuckenmeyer v. Creane (Mo. App.), 291 S. W. 145, 146.]

The judgment of the circuit court is affirmed. *Becker* and *Nipper, JJ.*, concur.