FLORINDO CAPUANO *vs.* FRANK T. BOGHOSIAN, *Exr.*

DECEMBER 12, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This cause is here on the appeal of the respondent Boghosian from a decree of the Superior Court granting the relief prayed for by complainant's amended bill of complaint whereby the proceeds of a policy of insurance paid by the insurer to the respondent, the executor of the insured, was adjudged to be held by said respondent as trustee for the benefit of said complainant, the beneficiary named in the policy of insurance; also on an appeal by one Benedetto Nardolillo, made a party respondent, who has made in his answer allegations in the nature of the allegations in a cross-bill and has prayed for relief as upon a cross-bill. It is admitted that the last-named respondent, an undertaker, has no standing in this cause if the complainant Capuano is not entitled to the alleged trust fund.

The facts are not in dispute. April 7, 1930, the Metropolitan Life Insurance Company issued an industrial life insurance policy to one Filomeno Di Sano. By the agreement of all the parties, his cousin, the complainant, received and retained the policy and paid all the premiums. On the death of the insured, Capuano delivered the policy, the premium receipt books and the proof of death to the insurer and demanded payment of the policy. The insurer thereafter paid the amount due on the policy to the respondent, the executor of the estate of the insured. This proceeding in equity was then begun.

By the terms of the policy and subject to the conditions thereof, the insurer agrees "to pay upon receipt of proofs of the death of the insured in the manner, to the extent and upon the blanks required herein, and upon surrender of this policy and evidence of premium payment hereunder, the amount stipulated in said schedule, to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph." This paragraph (commonly styled the Facility of Payment Clause) provides that: "The company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by

blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied."

The third paragraph of the policy provides as follows:

"The conditions, privileges and concessions to policy-holders, schedule on page 4 hereof, and any endorsement either printed or written as made by the company, on any of the pages following are a part of this contract as fully as if recited over the signatures hereto affixed."

May 9, 1930, at the request of the insured, the insurer, on the fourth page of the policy, filled in a blank in the printed form by the insertion of the name of Florindo Capuano, cousin; this endorsement reads as follows:

"Subject to the provision of the policy authorizing payment at the company's option to other persons, Florindo Capuano, Cousin, has been designated beneficiary to receive death benefit only."

The executor admits that payment was not made to him under the Facility of Payment Clause as the executor or administrator are not included therein. He claims the right to payment under the provisions of the first clause, on the ground that the insurer retained the option to pay other persons or the executor, and exercised such option by paying the executor.

The legal rights of a designated beneficiary in an insurance policy—whether it be a straight or an industrial life policy— are dependent on the terms of the contract of insurance. The intention of the parties as evinced by their contract of insurance is to be made effective. In the instant case the

insured first designated his executor or administrator as the beneficiary, with the right reserved to the insurer to elect to pay any of the persons included in the second clause.

The executor had no vested legal right in the policy. At most his proposed interest was subject to be annulled by the substitution of a new beneficiary. *John Hancock Mutual Life Ins. Co.* v. *Bedford,* 36 R. I. 116; *Merchants Bank* v. *Garrard,* 158 Ga. 867. The action of the insurer and the insured on May 9, in designating the complainant as beneficiary, if it is to have any effect, can only be considered as a change in the terms of the contract and a substitution of the complainant for the executor or administrator as the designated beneficiary. This substitution, it is to be noted, is made subject only to the provision of the second clause, not of the first clause.

The Facility of Payment Clause is for the benefit of the insurer to be exercised or not at its option; it gives a third party, to whom the insurer might have elected to pay the benefit, no right to compel the insurer to make payment to him. *Providence County Savings Bank* v. *Vadnais,* 26 R. I. 122.

In *Prudential Ins. Co.* v. *Roberto, Admx.,* 53 R. I. 415, there was no designated beneficiary in the policy which contained a facility of payment clause. Two actions at law to recover the amount due on the policy were brought against the insurer. Thereupon the insurer filed a bill of interpleader and paid into the registry of the court the amount due on the policy. As the insurer had, in effect, waived its election of payment under the facility of payment clause, this court then directed payment to be made to the person it decided to be equitably entitled thereto.

The option of payment under the facility of payment clause cannot be used to defeat the purpose of the insurance; and, where the insurer fails to exercise it, the insurer is liable to the beneficiary named. Couch on Insurance, Sec. 311 a. *Golden* v. *Metropolitan Life Ins. Co.,* 35 N. Y. App. Div. 569.

The insurer having failed to exercise its option under the second clause, the complainant, the designated beneficiary, was the only person entitled to payment and, as in the case of a straight life insurance policy, such beneficiary is entitled to sue at law to recover on the policy. *Doty* v. *Western & Southern Life Ins. Co.*, 223 Mo. App. 360; *Williams* v. *Metropolitan Life Ins. Co.*, 233 S. W. (Mo.) 248; see *contra* *McDaniels* v. *Western & Southern Life Ins. Co.*, 164 N. E. (Ill.) 192.

The complainant Capuano has an adequate remedy at law. The insurer has made payment of its obligation to one not entitled. This is neither a release of the claim of the beneficiary nor the basis for the establishment of a trust in his favor of money never intended to be paid to him or for his benefit.

The decree appealed from should be reversed and the appeal of the respondent executor is sustained to that extent. A new decree should be entered in the Superior Court dismissing the bill of complaint without prejudice to the right of the complainant to pursue his remedy at law, and denying the prayer for affirmative relief of the respondent Nardolillo.

The parties may present in this court on December 21, 1934, a form of decree to be entered in the Superior Court.

*Florie De Simone, Ralph Rotondo*, for complainant.

*Jasper Rustigian, Flynn & Mahoney*, for respondent executor.

*Harlow & Boudreau*, for intervenor Nardolillo.

*Goldberg & Goldberg*, for Vincenzo Minuto, as *amicus curiae*.