VINCENZO MINUTO *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

APRIL 9, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This action in assumpsit on an industrial life insurance policy was tried by a justice of the superior

court sitting with a jury. At the conclusion of the testimony each party moved for a direction of verdict and the trial justice directed a verdict for the plaintiff. The case is before us on the defendant's exceptions to the action of the trial justice in directing a verdict for the plaintiff and in refusing to direct a verdict for the defendant.

The testimony shows that the Metropolitan Life Insurance Company issued an industrial life insurance policy to one Filomeno Di Sano payable to the executor or administrator of the insured, subject to the company's option to pay under the facility of payment clause. The policy having lapsed, it was reinstated upon payment of premiums in arrears. These premiums in arrears and all subsequent premiums were paid by the plaintiff. Shortly after the reinstatement of the policy, the assured delivered the policy to the company with the request that the plaintiff be designated as beneficiary. The company returned it after putting on it the following endorsement: "Subject to the provision of the policy authorizing payment at the company's option to other persons—Vincenzo Minuto—cousin—has been designated beneficiary, to receive death benefit only." On the death of the insured, Minuto delivered the policy, the premium receipt book and the proof of death to the insurer and demanded payment of the policy. The insurer thereafter paid the amount due on the policy to the executor of the will of the insured, and refused payment to the plaintiff. The plaintiff thereupon commenced this action against the defendant, contending that payment should have been made to him as beneficiary under the policy.

The policy in the case at bar contains the following paragraph: "The conditions, privileges, and concessions to policy holders, schedule on page 4 hereof, and any endorsement either printed or written as made by the company, on any of the pages following are a part of this contract as fully as if recited over the signatures hereto affixed." The interest of the executor or administrator, as such, under the policy was annulled by the substitution of the plaintiff as bene-

ficiary, as set forth in the rider above mentioned. This substitution was thereafter subject only to the provisions of the facility of payment clause.

The rights of the parties in the instant case depend upon whether or not the facts as known to the defendant warranted a payment under the facility of payment clause. This clause provides: "The company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons, or of other proof of such payment or grant of such privilege to either of them, shall be conclusive evidence that all claims under this policy have been satisfied." It is not contended that payment under this clause was made to anyone other than a "person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial." A reasonable interpretation of this particular portion of the facility of payment clause, leads us inescapably to the conclusion that the company's option is limited and can be exercised only in favor of a person who, in the judgment of the company, based on reasonable grounds, has incurred such expense.

An examination of the transcript fails to disclose any showing that the executor had incurred any expense on behalf of the estate, or that the company had any reasonable ground to believe that he had. The company paid the amount of the policy to the executor upon the sole strength of a bill for $900 that it received by mail from an undertaker, who was unknown to it and which bill it failed to verify or investigate in any way. The mere receipt by the company of such a funeral bill is no proper evidence that the executor had "incurred expense on behalf of the insured, or for his or her burial."

It appears in the testimony as an uncontradicted fact that Vincenzo Minuto, the beneficiary named in the rider on the policy, had paid that same undertaker $300 for funeral expenses. This fact was unknown to the company at the time of payment but probably would have been disclosed by any reasonable investigation. When the company concluded on such an inadequate ground that the executor was a proper person to receive the proceeds of the policy under the facility of payment clause, it proceeded to pay him without proof to justify its action, and disregarded the rights of this plaintiff as fixed by the terms of that policy. There being no evidence that the insurer properly exercised its option under the facility of payment clause, it follows that the designated beneficiary was the only person entitled to sue at law to recover upon the policy. *Capuano* v. *Boghosian,* 54 R. I. 489.

The defendant has further raised the question of the plaintiff's insurable interest. It is well settled that the beneficiary need not have an insurable interest where the insured takes out a policy of life insurance on his own life. *Monast* v. *Manhattan Life Ins. Co.,* 32 R. I. 557.

The defendant's exceptions are, therefore, overruled and the case is remitted to the superior court for the entry of judgment on the verdict is directed.

*Henry M. Boss, Leo M. Goldberg,* for plaintiff.

*Tillinghast, Morrissey & Flynn, M. Walter Flynn,* for defendant.