## COUREMBIS v. WEINSTEIN.
### No. 1277.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 27, 1952.

Decided Nov. 19, 1952.

Ewing Laporte, Washington, D. C., for appellant.

Alvin E. Bernstein, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Two questions are presented for decision: (1) whether a jury's unauthorized inclusion of interest in its verdict rendered the entire verdict invalid, and (2) whether the trial court was required to grant a motion for new trial because the judge who tried

the case had died before acting on the motion.

The suit was on a promissory note for "$500 with interest at five per cent per annum from date," which date was March 7, 1950. The defendant maker alleged that there had been a failure of consideration and a breach of conditional delivery. The jury returned a verdict "For the plaintiff," and when asked, "For how much?" the foreman answered, "For the full amount $500 and interest." The court received the verdict without objection, and entered judgment for the plaintiff "for $500 with interest at six per cent from 3–7–50."

Defendant filed a motion for new trial, contending that the judge had not charged the jury that their verdict might include interest, but had only instructed them that if they found for plaintiff their verdict "might be for the sum of $500." The trial was not reported stenographically and neither the judge nor counsel for plaintiff could recall the instruction given the jury as to what interest, if any, might be added. Nevertheless plaintiff offered to have interest stricken from the verdict. The judge then took the matter under advisement, and died before ruling on the motion.

The motion was reargued before another judge. Plaintiff conceded that no instruction had been asked and none given that interest might be added, and that no objection was made to the instructions. Plaintiff again expressly waived any claim to interest, and judgment was entered for plaintiff in the amount of $500 without interest or costs.

1. Did the jury's addition of interest invalidate the entire verdict?

We note that defendant made no objection whatsoever to the verdict when it was announced by the jury. Had he done so the judge could easily have clarified the situation (a) by ruling that it was proper for the jury to include interest in the verdict, or (b) by telling the jury that such an award was not within their province and returning them to their deliberations with specific instructions to omit interest from the verdict. But defendant did not then give the judge an opportunity to have the alleged error in the verdict corrected on the spot. He did not raise the point until long after the verdict was received and the jury had been discharged, and he then presented the matter for the first time in his motion for new trial.

His argument is in essence that the verdict for $500 plus interest was in excess of the amount permitted under the court's instructions, and that he was therefore entitled to have the entire verdict set aside. His argument is based on those cases which hold that where the trial court specifically sets an amount as proper, the jury is bound by that instruction. The reason for this is, of course the well-established rule that a jury must follow the law as given by the court. In Stetson v. Stindt, 3 Cir., 279 F. 209, 23 A.L.R. 302, on which defendant relies and which is typical of such cases, the jury were instructed that if they found for plaintiff, their verdict should be for the balance claimed on a note which with interest amounted to $56,990.70. The jury, in disregard of the instruction rendered a verdict for $27,439.42. The appellate court held this verdict to be "directly violative of the charge of the court," and in ordering a new trial said: "It is not sufficient to say that the defendant cannot complain because he was not injured. He was injured by being deprived of the right of a litigant to have the jury determine his liability under the law as laid down by the court. That liability might be for more than the jury found; yet it might be for nothing. What his liability is, the jury refused to say; but said something else, which, under the law and on the facts, was simply untrue."

We think a different principle applies to this case. The law recognizes that if a jury goes *beyond* the judge's instructions, as distinguished from a failure to decide the issues submitted to it, that fact alone will not necessarily render the verdict invalid or prevent the court from entering a valid judgment thereon. The court may disregard, as surplusage, that which is *outside* the issues submitted to them and enter that part of the verdict which conforms to the instructions, provided it is not otherwise improper. "If a verdict, in addition to answering the issues involved,

contains immaterial findings or findings on matters not in issue, such portions of the verdict should be disregarded * * *." Fleming v. Collins, 190 Ga. 210, 9 S.E. 2d 157, 159.[1] Here, except for the words "and interest" we have a verdict awarding plaintiff $500, and this is no more than the jury were authorized to find.

■ Exactly in point is Bredel v. Parker-Russell Min. & Mfg. Co., Mo.App., 21 S.W.2d 932. The jury were instructed that if they found certain facts their verdict should be in favor of plaintiff for $2,000. A verdict was returned for $2,000 "with interest thereon at six per cent. per annum etc." The trial court treated as surplusage that portion of the verdict providing for interest and rendered judgment for only $2,000. On appeal it was held that there was no error of which defendant might complain. So too in Doty v. Western & Southern Life Ins. Co., 223 Mo.App. 360, 16 S.W.2d 712, a jury returned a verdict for $500 "and 10%" but did not indicate what the 10% was for. That much of the verdict was held to be mere surplusage. And in Roman v. King, Mo.App., 268 S.W. 414, the verdict was for $2,500 "and attorneys' fees". The inclusion of attorneys' fees was held to be surplusage which did not affect the essential validity of the verdict. We agree with those decisions, and also with what was said in a more recent case: "In all the cases that we have found * * * concerning irregularities in verdicts, it has been generally held that where a jury attempts to interpolate something in the verdict about which the jury has no concern, the interpolated matter has been held to be mere surplusage and not fatal to a judgment based upon the verdict." Kimberlin v. Roberts, 341 Mo. 267, 107 S. W.2d 24, 27.

■ Such we think is the situation here. Neither in the trial court nor here has defendant contested plaintiff's basic right to interest on his claim. He contends that because the judge did not tell the jury that they might include interest in their verdict they had no right to do so, and that the judge had no right to receive the verdict, or to enter judgment thereon without interest.

But as we have explained, the item of interest in the verdict was mere surplusage and the alleged error was corrected when plaintiff waived interest and the trial court eliminated it in entering judgment. Hence defendant has no right to demand a reversal.

We find nothing in Metzger v. Metzger, 35 App.D.C. 389, relied on by appellant, which would even seem to point to a different ruling by us. The question there was whether the trial court had the statutory power to *reform* a verdict by adding interest thereto when the jury had not included interest in their award. The case in no way concerned the propriety of disregarding surplusage contained in a verdict. Moreover, in words which seem applicable here, the court was careful to say; "We do not mean by this to rule that, in a case where no question is made by either the pleadings or evidence as to the payment of interest, the court would not be authorized, under the provisions of said sec. 1184, [Code 1951, 28–2707] to direct the assessment of interest. In such a situation the finding of the jury would, under the statute, automatically carry interest."

■ 2. Appellant contends that because of the death of the trial judge he was entitled to a new trial under Municipal Court Civil Rule 63.[2] He cites Brennan v.

1. Cf. Jensen v. Duvall, 192 Iowa 960, 185 N.W. 584, and annotation in 23 A.L.R. 305.

2. "If by reason of death * * * a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge of the court to whom the case may be assigned may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial. Rule 63, F. R. C. P."

Grisso, D.C.Cir., 198 F.2d 532, which holds that F.R.Civ.Proc. 63 "shows a generous attitude toward a new trial when the trial judge dies before the case is disposed of." There it appeared that the trial judge had orally expressed an opinion that the plaintiff had not been domiciled in another state and that her divorce obtained there was invalid. The trial judge dismissed the complaint but he did not order judgment entered, nor was it entered. Plaintiff then filed a "Motion to Enter Judgment for the Plaintiff or in the Alternative to Grant a New Trial or to Reopen the Case to Permit Introduction of Further Testimony and Documentary Evidence Bearing on the Issues." With the motion plaintiff filed an exhibit that gave further support to her claim of domicile. The trial judge died before he was able to act on the motion and appellant moved for a new trial because of the death of the trial judge.

The differences between that case and this are immediately apparent. There the moving party sought to introduce new evidence which, it was contended, had an important bearing on a *decisive question of fact.* The United States Court of Appeals held there should have been a new trial, saying, "Because he [the deceased trial judge] had heard the witnesses he was better qualified than another judge to determine the credibility and weight of the evidence, and appellant's motion might have had more significance to him." In the case before us there was nothing more than a pure legal question raised by appellant's motion. That legal question could not "have had more significance" to the second judge than to the one who had died, because the file told the whole story of the proceedings and involved no question of credibility or weight of evidence.

Hence there was no reason whatever for the second judge to say that he could not perform the duty of considering and deciding the motion for new trial, and straightening out that which he was in as good a position to do as the judge who had died. On the contrary, we think that in the circumstances he acted correctly.

Affirmed.