PER CURIAM.
Nancy Dawkins was injured when some Coca-Cola bottles fell through the bottom of a six-pack carton and damaged her leg. Nancy and her husband, Miller, sued Coca-Cola Bottling Company of Miami and Publix Supermarkets, Inc., the owner of the grocery store in which she was shopping at the time of the injury. Their suit for damages was based on negligence and implied warranty.
Coca-Cola denied all of the allegations of the complaint and alleged that Nancy was contributorily negligent. Publix denied all the allegations of the complaint and filed its cross-complaint against Coca-Cola based on an agreement in which Coca-Cola agreed to hold harmless and indemnify Publix from all claims and expenses. - Coca-Cola denied all the allegations of the cross-claim filed by Publix.
The trial court directed a verdict in favor of Publix on its cross-claim against Coca-Cola and a verdict and final judgment for Publix for $250.00 was rendered. No appeal was taken from that final judgment.
The plaintiff’s case was submitted to the jury on their claim against Coca-Cola and the jury returned the following verdict:
“ * * * We, the jury, find for the Plaintiff, Nancy Dawkins, and assess her damages at $500.00, and we find for the *161 Plaintiff, Miller Dawkins and assess his damages at $100.00.
The defendant, Coca-Cola Bottling Company, is to pay all court costs and lawyer’s fees.”
The last sentence was written in the verdict hy hand.
Counsel for both parties agreed essentially that the inclusion of attorneys’ fees and costs in this verdict was improper. Plaintiff’s counsel argued that proper procedure would permit the jury to go back to the jury room and reconsider their overall verdict after instructions that attorneys’ fees and costs were not proper under the issues raised between these parties.
Counsel for defendant argued that proper procedure was for the court to strike as improper, the language in the verdict which pertained to court costs and attorneys’ fees. After further argument, the court instructed the jury that neither he nor the jury could award attorneys’ fees in this case and that the court would assess the costs. He directed it to return to the jury room and reconsider the verdict in light of these instructions. The jury retired, over the continuing objections of defense counsel, and returned a second verdict in favor of plaintiff Nancy Dawkins in the sum of $1,200.00 and Miller Dawkins in the sum of $100.00.
Final judgment for the plaintiffs based on the second verdict was rendered. . Appropriate post-trial motions were made hy the defense and were denied. Defendant has appealed.
The essential error argued is that the trial court erred in entering the final judgment for plaintiffs based on the second verdict. We concur.
The original verdict was not defective but was proper since it was certain and positive and not inconsistent. It was unanimous, definite, clear, and unambiguous and was complete as to all of the proper issues presented to the jury. The handwritten language which required the defendant, Coca-Cola Bottling Company to pay all court costs and lawyers’ fees was mere sur-plusage. Generally, matters contained in a verdict which are immaterial or are not responsive to the issues may be rejected as surplusage and disregarded by the court and a judgment entered thereon. See 89 C.J.S. Trial § 509.
This principle of law was applied in Roman v. King, Mo.App.1925, 268 S.W. 414, where the jury returned a verdict for the plaintiff for $2,500.00 and attorneys’ fees. The trial court orally instructed the jury that the verdict could not be accepted and instructed them to return to the jury room and read the instructions and return a verdict in accordance therewith. The jury again retired and returned a verdict in the amount of $5,000.00. The trial court entered a final judgment in the sum of $5,000.00. The court in reversing said:

“From the foregoing authorities it is clear that in the present case the action of the court in rejecting the verdict which the jury first returned into court and accepting its subsequent verdict was erroneous. The verdict first returned clearly evidenced a complete determination by the jury of the issues submitted to them. There could be no possible doubt as to its meaning. It unmistakably showed that the jury found that the plaintiff had been injured as a result of the negligence of the defendant, and that her damages, measured according to law as defined by the instructions of the court, amounted to $2,500. This finding, clearly and unmistakably set down in the verdict, was in no way affected or invalidated by the additional gratuitous finding relative to attorneys’ fees. The finding of the jury for the recovery of attorneys’ fees was outside the issues submitted to them, and beyond the power of either the jury or the court to grant. It was mere surplusage, and should have been disregarded by the court.
*162 “We are not unmindful of the rule that when a jury returns into court an unintelligible, repugnant, or incomplete verdict, or one that does not fully and definitely respond to the issues submitted, they may be directed by the court to reconsider it and bring in a proper verdict. But that rule cannot be invoked here. The verdict in this case was intelligible and complete, and fully and definitely responded to all the issues submitted to the jury. It definitely determined the defendant’s liability to the plaintiff, and definitely fixed the amount of her damages. The verdict, so formulated and returned, was rejected, and a subsequent verdict was returned and accepted, awarding damages in double the amount awarded in the original verdict, and judgment was given for that amount.
“Furthermore, reading the two verdicts together in the light of the circumstances under which they were returned, the conclusion is inevitable that the jury included in the damages awarded in their second verdict a largess to plaintiff for her attorneys’ fees. It is no answer to this to say that the jury’s finding can only be ascertained by their verdict, and that the jury, having returned a verdict in regular form for $5,000, must be presumed to have included within it no improper element of damages. This would be true if the jury had returned only the one verdict. But they returned two verdicts, and the court cannot shut its eyes to what is so plainly written in these two verdicts, and the circumstances under which they were made up and returned.

“In view of these suggestions and authorities, it is obvious that, unless the plaintiff is willing to remit $2,500 of the judgment, a new trial of the cause ought to be granted.”
See also Courembis v. Weinstein, D.C. Mun.App.1952, 93 A.2d 89 and Bredel v. Parker-Russell Min. & Mgr. Co., Mo.App. 1929, 21 S.W.2d 932.
Under the facts and circumstances in this case, the trial court, in essence, allowed the jury to award an additional sum of money to Nancy after they had arrived at and determined a specific amount as proper and just compensation for the damages resulting to Nancy and her husband. The inference arises that the jury awarded attorneys’ fees by increasing the amount of the first verdict from $500.00 to the amount in the second verdict of $1,200.00 or an additional $700.00.
Apparently, the jury was attempting to do indirectly that which the law would not permit it to do directly. Accordingly, we hold that if the plaintiff, Nancy Dawkins, shall file in the office of the Clerk of the Civil Court, within thirty (30) days after the filing therein, of the mandate of this court, a remittitur of $700.00, the judgment herein appealed shall be affirmed. Otherwise, the judgment will stand reversed with a new trial granted for damages only, without further order.
It is so ordered.