## ADMIRAL CORPORATION OF MARCO ISLAND, INC. v GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, et al.

### Case No. 83-1292-CA-01-HDH

Twentieth Judicial Circuit, Collier County

December 7, 1984

**APPEARANCES OF COUNSEL**

**John W. Lewis** for defendant, General Accident Insurance Company of America.

**John F. Hooley** for plaintiff, Admiral Corporation.

**Matthew D. Uhle** for defendant, Lamar Advertising Company.

**OPINION OF THE COURT**

HUGH D. HAYES, Circuit Judge.

THIS CAUSE came on for hearing upon a Motion for New Trial and Motion for Judgment in Accordance with Motion for Directed Verdict, and said motion was heard on Monday, the 3rd of December 1984. The defendant, LAMAR ADVERTISING COMPANY, urges

the Court to set aside the verdict rendered by the jury as reflected in the Final Judgment, and to instead find that the verdict of the jury was as stated in their note to the Judge during the jury deliberations, on the basis of *Cocoa-Cola Bottling Company of Miami, Inc. v. Dawkins*, 233 So. 2d 160 (Fla. 3d DCA 1970).

For clarification purposes the Court will requote pertinent portions of the verdict and the jurors' notes as follows:

## *VERDICT*

### (conversion)

WE, the jury, find that Defendant LAMAR ADVERTISING COMPANY did convert property of Plaintiff, ADMIRAL CORPORATION, and find in favor of ADMIRAL CORPORATION, and assess its damages at *$5,000.00.* Maximum (stricken by the Court)

*s/Richard Parramore*
Foreman/Forewoman

### *NOTE*

Judge Hayes                                    10-18-84

Your Honor,

We feel that neither party acted with wisdom or performed in a business like manner. Our unanimous decision is that each bears equal blame—that this case should have been settled outside of court and never brought to trial. Our recommendation would be that Lamar Advertising Co., and Admiral Corp. be required to bear equal responsibility of their own court costs; and their own legal fees. No punitive damage to be awarded. General Accident Insurance Co. is not involved in this decision. May we render such a verdict?

s/Richard Parramore, Foreman

It is agreed that normally, where the jury's verdict is certain, positive, and not inconsistent then it is presumed to be proper. On this basis, initially, the Court was inclined to follow the *Coca-Cola* case, however, upon a clear and more definitive analysis of the jury's note, the Court does determine that the note in question does not sufficiently constitute a verdict, and this is especially true when the evidence reflects that the jury foreman stated that the jury had a "fallback" position if the note was unacceptable to the Court.

It is necessary to break the note down into its respective sentences in order to determine whether a verdict has been reached or whether the language contained therein is mere surplusage. To that end I have

**37**

broken the note down into its appropriate sections and then (included) whether it could have been determined as surplusage or verdict:

> We feel that neither party acted with wisdom or performed in a business like manner. (surplusage)

> Our unanimous decision is that each bears equal blame—that this case should have been settled outside of the court and never brought to trial. (surplusage)

> Our *recommendation* (emphasis added) would be that Lamar Advertising Company, and Admiral Corp. be required to bear equal responsibility of their own court costs; and their own legal fees. (surplusage)

> No punitive damage to be awarded.

> (verdict?)

> General Accident Insurance Co. is not involved in this decision.

> (verdict?)

> May we render such a verdict?

> (Clearly a question to the Court).

Thus, the Court does not believe that it can be stated with clarity, or for that matter, that it can be stated that this was "unanimous, definite, clear, and unambiguous and was complete as to all of the proper issues presented to the jury" *Cocoa-Cola* at page 161. Likewise, it cannot be said that the jury went back and as in the *Coca-Cola* case, awarded an amount of money to cover the Plaintiff's attorneys fees and costs. The Court fully agrees with counsel that this was not a very clear verdict and to that end the Court and counsel must take some responsibility. However, this jury could clearly be defined as one which was highly independent and somewhat perturbed that this case even got to trial.

The Court does conclude that the jury did give thorough and adequate consideration of all of the facts in the case and when its initial statement to the Court in its note was found to be unacceptable did have an alternative form of verdict which had been deliberated and which was finally presented to the Court. If the Court could have determined that a clear and unambiguous verdict had been reached out of the note, it would have done so. Unfortunately, I cannot agree that that was the case.

Based upon all of the foregoing, the Defendant's Motion is hereby denied.

DONE AND ORDERED in Chambers at Naples, Collier County, Florida, this 7th day of December 1984.